57 CCPA

**GULF STATES PAPER CORP.,**
Appellant,

v.

**CROWN ZELLERBACH CORP.,**
Appellee.

**Patent Appeal No. 8183.**

United States Court of Customs and Patent Appeals.

Nov. 13, 1969.

Almond, J., dissented.

Raphael Semmes, Washington, D. C., attorney of record, for appellant; G. Mallet Prevost, Washington, D. C., of counsel.

James M. Naylor, William K. Quarles, Jr., San Francisco, Cal., for appellee.

Before RICH, Acting Chief Judge, GANEY, Judge, sitting by designation,

ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This is an appeal from the decision [1] of the Trademark Trial and Appeal Board, adhered to on reconsideration, dismissing an opposition by Gulf States Paper Corporation to an application [2] by Crown Zellerbach Corporation for registration of the mark CZ, for use in connection with printing paper. Use of the mark since February 11, 1964 was asserted.

Appellant, Gulf States Paper Corporation, opposed on the ground of likelihood of confusion, based upon its use and prior registration of the mark E–Z [3] in connection with paper products.

The record shows that the opposer in this case is engaged in the manufacture and sale of paper and related products. Apparently, prior to 1960, opposer was a "coarse" paper products manufacturing and distributing concern.[4] Since 1960, however, opposer has expanded its business into what is known as the "fine" paper products field, which includes such products as school and office supplies and tissue towels. It had been the practice of opposer and its corporate predecessors since about 1902 to identify all of its manufactured products by trademarks comprising the designation "E–Z" either alone or in combination with various suffixes (generally descriptive), and since expanding its line of merchandise, opposer has continued this practice. Ownership of the registrations for the marks E–Z FILE FOLDERS, E–Z MIMEOGRAPH and E–Z DUPLICATOR in the *fine* paper field has been established in the record along with registrations for the mark E–Z alone for several different products in the *coarse* paper field.

Applicant, Crown Zellerbach Corporation, is also engaged in the manufacture and sale of paper products, both "coarse" and "fine". Since 1953, Crown has used as its corporate symbol and as a trademark for all its products, a composite crown device with the letters C and Z. Applicant's registration of this mark [5] has been included in the record to establish applicant's entry into the fine paper field in 1953 and, prima facie, its continuance in the field since that time.

A reproduction of applicant's composite crown mark, along with the mark which is the subject of this opposition and the opposer's E–Z mark is shown below:

Opposer's E-Z mark

[A261]

CZ

Applicant's CZ mark in this opposition

Applicant's Crown Emblem mark

---

1. Abstracted at 152 USPQ 841 (TTAB 1967).

2. Serial No. 190,896, filed Apr. 13, 1964.

3. Opposer submitted twenty-seven trademark registrations as evidence of use of the mark E–Z. Most of the registrations are for marks containing the letters E–Z in combination with such words as "OPENER" (registration No. 593,737, issued Aug. 17, 1954), "CARI" (registration No. 629,101, issued June 19, 1956), "PULP" (registration No. 659,648, issued Mar. 25, 1958), "FOODPAK" (registration No. 716,664, issued June 13, 1961), and "ZIP" (registration No. 769,766, issued May, 19, 1964). Some registrations were, however, for the mark E–Z alone (registrations No. 227,085, issued Apr. 26, 1927, and No. 735,108, issued July 31, 1962) or in conjunction with a tree design (registration No. 750,-588, issued June 4, 1963).

4. From the record, it appears that the term "coarse paper products" refers to such goods as paper bags or sacks, paper pulp, wrapping paper and the like.

5. No. 593,901, issued August 17, 1954.

In dismissing the opposition, the board initially determined that although opposer had established use of its "E–Z" mark prior to the use by applicant of either the letters "CZ" alone or the composite registered mark, it was only since 1959 or 1960, when opposer extended its activities into the soft paper products and fine paper field, that the "general public or persons who would generally be customers for mimeograph paper, bond paper, duplicating paper, and other fine papers" would have been aware of the mark in a trademark sense. In addition, the board apparently credited applicant with the benefit of the 1953 date of registration for the composite mark, reasoning that the fine paper goods for which use of that mark was claimed were "closely related to the printing papers here claimed", and "that the letters 'CZ' are equally if not more prominent than the crown design and might be utilized by some segment of the purchasing public to call for and identify the goods sold thereunder." This was tantamount to a holding that applicant was the prior user in the contested field of use.

Additionally, the board pointed out that "none of opposer's existing registrations for 'E–Z' alone or in association with a particular design covers fine paper such as duplicating paper, bond paper, and the like."

Nevertheless, the board went on to specifically hold, as the basis of its decision, that:

the differences between "CZ" and "EZ" alone or in association with such words as "Duplicating", "Mimeograph", "Bond", and "File Folders" are sufficient to preclude a likelihood of confusion or mistake in trade as to the source of the products of the parties.

In addition to its principal argument that the marks are confusingly similar, opposer has argued on appeal that the board was in error in holding that the letters CZ in the composite trademark are equally, if not more, prominent than the crown design and thus establish prior use of the mark CZ alone. Opposer also argues that the board's holding of no likelihood of confusion was inconsistent with statements in earlier opinions dealing with other oppositions between the same two parties.

Applicant argues, inter alia, that the transition from use of its composite mark to use of the letters CZ alone was a legitimate extension of its already existing trademark rights in the fine paper field, and that opposer cannot rely on the "E–Z" portion of its series of marks alone for abstract comparison with other marks.

Regarding opposer's latter argument, we find it not only without substance, but also irrelevant to the case at bar. The other arguments of the parties have been considered but require no further discussion since we have decided to sustain the board's ultimate holding that there is no likelihood of confusion or mistake in trade as to the source of the products of the parties.

In doing so, we have considered, as we must, the particular area of commerce in which the marks are used and the discriminating type of purchaser at which they are aimed. It appears to us that, viewed in this light, the marks are not confusingly similar. Although they differ by a single letter when opposer's suffixes are ignored and they are somewhat similar in sound, we think the marks would tend to stimulate a different response in the mind of the purchaser. The mark E–Z sounds like "easy" and thus generates the idea of an attribute of the goods. On the other hand, the mark CZ can only represent initials of some sort, and one seeing or hearing the mark would probably presume that that

is what it indicates. The decision of the board is affirmed.

Affirmed.

ALMOND, Judge (dissenting).

In my opinion CZ so resembles E–Z as to be likely, when applied to the goods in issue, to cause confusion or to cause mistake. The majority, although admitting that the marks "differ [merely] by a single letter" and "are somewhat similar in sound," feels otherwise. Yet, the only *express* reasons given for so holding fail to find support in the record before this court. Applicant produced no evidence, with respect to its goods, of "the particular area of commerce * * * and the discriminating type of purchaser * * *," in light of which the majority views the marks in question. The majority's not so subtle attempt at implying that appellant-opposer's mark is suggestive and perhaps weak in that "E–Z sounds like 'easy' and thus generates the idea of an attribute of the goods" must fail absent some logical suggestion as to how "easy" is an attribute of fine or printing papers. Easy what? Nor is it clear to me why the mark CZ, sounding so much like E–Z, can *only* represent initials of some sort.

So much for the express reasons for the majority's decision. What concerns me are the reasons implicit in the majority's discussion of the facts of the case. The facts indicate that this case involves also a question of priority of use arising from consideration as to what is or is not the natural field of expansion for a producer of coarse paper products, as appellant-opposer originally started out, as well as consideration as to whether or not applicant has possible intervening rights. I do not feel that this issue can be avoided, as has been done by the board and majority here, simply by expressing an unfounded conclusion that no likelihood of confusion exists. I would reverse and remand the case to the board for proper consideration of the primary issue involved.