**John R. DERE**

v.

**INSTITUTE FOR SCIENTIFIC INFOR-
MATION, INC.**

Patent Appeal No. 8233.

United States Court of Customs
and Patent Appeals.

Jan. 29, 1970.

John R. Dere, pro se.

Seidel & Gonda, Edward C. Gonda, Philadelphia, Pa., for appellee.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and RAO, Chief Judge, sitting by designation.

LANE, Judge.

John R. Dere, applicant below, appeals from the decision of the Trademark Trial and Appeal Board, the result of which is published at 153 USPQ 886, holding that contemporaneous use of appellant's mark, I.A.I., and opposer-appellee's mark, ISI, for the specified goods would be likely to cause confusion. We find no reversible error in the board's opinion and we affirm its decision.

This opposition involves appellant's application serial No. 221,478, filed June 18, 1965, to register on the Principal Register, I.A.I. as a trademark for "indexes to books and literature." The applicant claims first use of this mark on May 25, 1965.

The opposer, Institute for Scientific Information, Inc., bases its opposition to registration on its own trademark registration No. 734,569, dated July 17, 1962, of ISI for a "magazine devoted to abstracts of chemical literature," claiming use since March 1, 1960.

The general business manager of the opposer testified that the opposer used the letters ISI, to indicate the origin of its publications and services, on book editions of Current Contents (Physical Sciences edition and Life Sciences edition), on Index Chemicus, the Science Citation Index, and on advertising and information literature with respect to publications and services which are available to the public. Opposer's Current Contents is a weekly publication listing the articles in some fifteen hundred scientific publications. Opposer's evidence indicates that ISI publications and services are distributed to some thirteen thousand subscribers and used by about eighty thousand different scientists and engineers in the United States and abroad. The evidence indicates that during 1965, ISI received approximately eighteen thousand requests for articles. In the period 1962–1965, inclusive the opposer spent a total of over one-half million dollars on advertising ISI.

The applicant took no testimony and presented no evidence in the opposition proceeding, but contended that his mark I.A.I. is different from opposer's mark ISI and that his integrated alphabetical index and opposer's publications are not goods of the same descriptive properties.

The Trademark Trial and Appeal Board held that opposer's priority of use is not disputed, that the identification of goods in applicant's application for registration is broad enough to comprehend indexes identical in kind to those compiled by opposer and that the marks of both parties are comprised of an arbitrary arrangement of three letters the first and third of which are identical. The board concluded that the feature of identity between the respective marks is such that their contemporaneous use for the specified goods would be likely to cause confusion.

Appellant's brief states that his mark I.A.I. was selected because of a Pacific Aerospace Library (1941) which became known as the Institute of Aeronautical Sciences, IAS, and a Pacific Aeronautical Library (1955) which became the American Insitute of Aeronautics and Astronautics, AIAA. These allegations, even if supported by evidence, would not warrant the registration of appellant's mark I.A.I. which he asserts he first used on May 25, 1965.

We conclude that it is more difficult to remember a series of arbitrarily arranged letters than it is to remember figures, syllables, or phrases, and that the difficulty of remembering such multiple-letter marks makes the likelihood of confusion between such marks, when similar, more probable. Crystal Corp. v. Manhattan Chemical Mfg. Co., 75 F.2d 506, 22 CCPA 1027 (1935). Where letters of a mark are arranged so as to suggest a well-known company name or word, such as "EZ" and "CZ" in Gulf States Paper Corp. v. Crown Zellerbach Corp., 417 F.2d 795, 57 CCPA ——, decided November 13,

1969, the situation is different. Any doubt as to actual confusion or as to likelihood of confusion must be resolved in favor of the prior user.

We, accordingly, affirm the decision of the board.

Affirmed.