58 CCPA
**Application of AMERICAN CYANAMID COMPANY.**

**Patent Appeal No. 8424.**

United States Court of Customs and Patent Appeals.

Jan. 21, 1971.

James Edwin Archer, Stamford, Conn., attorney of record, for appellant. August G. Maron, Jr., Wayne, N. J., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. E. Martin, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and DURFEE, Judge, United States Court of Claims, sitting by designation.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board (abstract at 157 USPQ 719) affirming the ex parte rejection of appellant's application [1] to register PERMA–PRESS for "Textile finishing agent for restoring the property of certain textiles which when new require no pressing."

Refusal to register was on the ground of likelihood of confusion under section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) in view of a prior registration, No. 565,339, issued to Avondale Mills October 14, 1952, on the mark PERMA–PRESSED for "cotton piece goods."

The board, in its opinion affirming the examiner's rejection, said:

> The grounds for the Examiner's refusal to register are set forth as follows in his statement on appeal:
>
>> "Contrary to Counsel's opinion that because of the difference in products and channels of trade there would be no likelihood of confusion, it is common knowledge that labels appear on the articles of clothing which identify the finish as well as the garment and also on materials sold in the piece * * *."
>
> For the reasons noted above, we are in full agreement with the Examiner that there is such an intimate relationship between a textile finishing agent and textiles which might be finished therewith that their sale under the substantially identical marks here involved would be likely to cause confusion or mistake as to the origin of the goods.

Having considered the one-page argument in appellant's brief on which the

---

1. Serial No. 244,556, filed April 29, 1966, for registration on the Principal Register and claiming first use on April 13, 1966.

case was submitted, amounting to no more than a statement of disagreement with the board, having heard oral argument for the Patent Office, and finding no error in the decision below, it is affirmed.

Affirmed.