**SIGMA INDUSTRIES, INC., Appellant,**
v.
**SIGMA INSTRUMENTS, INC.,**
**Appellee.**
**Patent Appeal No. 8834.**

United States Court of Customs and Patent Appeals.
Jan. 18, 1973.

John P. Sutton, San Francisco, Cal. (Limbach, Limbach & Sutton, San Francisco, Cal.), attorneys of record, for appellant.

David Toren, Bernard X. McGeady, New York City, Leo Stanger, Summit, N. J. (Toren & McGeady, New York City), attorneys of record, for appellee.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

MARKEY, Chief Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, 165 USPQ 654 (1970), sustaining opposition to appellant's application to register SIGMAFORM [1] for electrical supplies; namely, heat shrinkable tubing, molded caps, molded boots, enclosures and aperture seals, by appellee, registrant of the marks SIGMA [2], the lower case Greek letter sigma [3] and a design combination of the aforesaid [4] for a variety of electrical instruments and equipment.

While acknowledging that the products marketed under the SIGMAFORM mark are "component[s] . . . used in the electrical industry", appellant emphasizes on appeal the highly restricted nature of its entire line of goods, i. e. heat shrinkable resin products used to

1. Serial No. 256,242, filed October 11, 1966.

2. Reg. No. 788,972, May 4, 1965.

3. Reg. No. 792,147, July 6, 1965.

4. Reg. No. 536,253, January 9, 1951.

seal cables, wiring, etc. As such, it is urged that the goods are so totally distinct from the electrical devices and equipment of appellee that there can be no likelihood of confusion on concurrent use of the respective marks.

The single determinative issue under the statute is whether the marks are so similar as to be likely, when applied to the goods involved, to cause confusion, mistake or deception.

We agree with the holding of the board that:

> As to applicant's mark "SIGMA-FORM," it is obvious that it incorporates opposer's "SIGMA" marks and differs therefrom only by the suffix "FORM". Considering, however, the significance of the term "FORM", as applied to applicant's goods which are, in effect, "formed" around a particular wire, cable, or the like and that the suggestive, if not descriptive, nature

of the term would be readily apparent to purchasers of applicant's goods, the addition to "SIGMA" of this word is not deemed sufficient to distinguish applicant's mark "SIGMAFORM" from "SIGMA", per se, and to avoid a likelihood of confusion in trade.

Although appellant's products per se are readily distinguishable from the devices of appellee, there is an intimate relationship between sealing products for wires or cables and equipment which includes visible wiring or cables on which appellant's products may be used. See In re American Cyanamid Co., 435 F.2d 1339, 58 CCPA 962 (1971).

Accordingly, we find there is a likelihood of confusion as to the origin of the goods concurrently sold under the respective marks SIGMAFORM and SIGMA.

The decision of the board is affirmed.

Affirmed.