**Application of The BISSETT–BERMAN CORPORATION.**

**Patent Appeal No. 8932.**

United States Court of Customs and Patent Appeals.

April 26, 1973.

George F. Smyth, Smyth, Roston & Pavitt, Los Angeles, Cal., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; R. V. Lupo, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE, Judges, and AL-MOND, Senior Judge.

ALMOND, Senior Judge.

■ This is an appeal from the decision of the Trademark Trial and Appeal Board, 167 USPQ 640 (1970), affirming the examiner's refusal to allow appellant's application to register the mark "E–CELL" for electrolytic cells [1] on the ground of likelihood of confusion, within the meaning of section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052(d)), with the registered trademark "E" for electrical circuit components.[2]

The record reveals that this is appellant's second attempt to register the mark E–CELL. The response of the board to appellant's first attempt was to affirm the decision of the examiner refusing to register the mark because of likelihood of confusion with the same E mark involved in this appeal (153 USPQ 691).

No review was sought of the board's decision, appellant allowing its application to become abandoned to afford opportunity to file an application at a subsequent time under section 2(f) of the Trademark Act of 1946 (15 U.S.C. § 1052(f)). After elapse of the five-year period prescribed in section 2(f), appellant filed the instant application. The examiner refused registration on the ground of likelihood of confusion with the same E mark notwithstanding appellant's assertion that the mark had obtained "secondary meaning" and was entitled to registration under section 2(f). The examiner observed that he did "not believe that Section 2(d) can be nullified by evidence under Section 2(f)."

1. Serial No. 303,258 filed July 22, 1968.

2. No. 751,588 registered June 25, 1963.

Appellant's contention that its mark had obtained "secondary meaning" was supported by an affidavit of its president which substantially attested as follows: (1) that the mark had been used in commerce since 1963 on applicant's electrolytic cells; (2) that ten million dollars in sales of electrolytic cells had been made; (3) that the mark E–CELL had acquired a secondary meaning; (4) that there is a substantial difference between the goods (electrolytic cells) on which the subject mark is used and the goods (resistors, capacitors and semiconductors) on which the registered mark is used; (5) that within applicant's knowledge and belief the registrant (Erie Resistor Corporation) has not marketed, does not market, and does not intend to market electrolytic cells; and (6) that applicant is not aware of any actual confusion between the registered mark E for electrical circuit components and appellant's mark E–CELL for electrolytic cells.

We think it pertinent to point out that on the issue of likelihood of confusion involving these same marks, finally determined adversely to appellant here in that earlier proceeding, the board observed:

The asserted differences between applicant's goods and those set forth in the registration are matters which were or should have been argued before the Board in the prior proceedings; and, apparently, they were not sufficient to persuade the Board that confusion in trade was not likely to occur. In fact, the only new circumstances introduced in this record is the fact that applicant, since the decision in question, has enjoyed substantial sales of "E–CELL" electrolytic cells without any evidence of conflict with registrant's "E" components coming to its attention. However, this cannot conclusively establish in a proceeding of this character that confusion has not or could not occur. But, in any event, it is clear from the express language of Section 2(d) that the test to be applied thereunder is likelihood of confusion rather than actual confusion.

The issue is whether appellant's mark E–CELL for electrolytic cells so resembles the mark E for electrical circuit components as to be likely to cause confusion within the meaning of section 2(d). This is the dominant issue irrespective of whether appellant has established that its mark has acquired a "secondary meaning." Comparison of the language of sections 2(d) and 2(f) renders it clear that section 2(f) does not negate the requirements of section 2(d) embracing the matter of likelihood of confusion. In pertinent part, section 2(f) reads as follows:

Except as expressly excluded in paragraphs (a)–(d) of this section, nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. (Emphasis added.)

It is obvious that what is expressly excluded in paragraph (d) is registration of "a mark which so resembles a mark registered in the Patent Office * * * as to be likely, when applied to the goods of the applicant, to cause confusion * * *." It is apparent therefore that the express exclusion under section 2(d) constitutes a bar to registration which cannot be negated by evidence produced under section 2(f). The conclusion is inevitable, therefore, that whether or not appellant's mark has acquired a secondary meaning is not controlling on the only question on appeal, viz., likelihood of confusion between the two marks.

When we consider the marks as a whole and the commercial impression they make, it is our view that customers familiar with goods sold under the E mark might assume that goods bearing the mark E–CELL emanate from the same source. A comparison of the two marks reflects the common use of the letter "E," the difference being that appellant's mark uses the word "CELL," which is merely suggestive of the goods

associated with the mark. The dominant portion of appellant's mark is the same as that of registrant's mark, viz., E. The respective goods in each case are electrical equipment. Therefore, in our view the marks are so similar as to be likely to confuse purchasers as to the origin of the goods. We think it significant that we find nothing of record to controvert the statement of the board in its previous decision (153 USPQ at 692) that:

> The photographs submitted with the application show that applicant's cell includes a transistor, two resistors, and a tube of some sort. The cited registration covers capacitors, resistors, semiconductors and combinations thereof.

This constitutes an unrefuted finding of the similarity of components used by appellant in constructing its electrolytic cell to those electrical components associated with registrant's mark.

 The main thrust of appellant's argument relating to likelihood of confusion is based on the affidavit of its corporate president that he is not aware of any actual confusion resulting from appellant's use of the mark and any use by Erie of the E mark. The fact that appellant is not aware of any actual confusion is not conclusive that actual confusion does not exist or that there is no likelihood of confusion. This principle was aptly stated in In re Apparel, Inc., 144 USPQ 330, 331 (TTAB 1964): [3]

> Moreover, the statement by applicant's president that for more than fifteen years it has used its mark * * * without a single instance of confusion with the cited registered mark coming to his attention cannot conclusively establish in a proceeding of this character that confusion has not or could not occur. But, in any event, it is clear from the express language of Section 2(d) that the test to be applied thereunder is likelihood of confusion rather than actual confusion.

Appellant argues that *res judicata* was improperly applied in this case. In fact, this principle was not applied below. The decision of the board, while referring to its previous decision involving the same two marks, concluded that the "new circumstances" intervening subsequent to its previous decision were not persuasive to negate the likelihood of confusion noted in its earlier decision.

We find no reversible error in the decision below, and it is accordingly affirmed.

Affirmed.

---

3. Affirmed 336 F.2d 1022, 54 CCPA 733 (1966).