The WELLA CORPORATION, Appellant,

v.

CALIFORNIA CONCEPT CORPORATION, Appellee.

Patent Appeal No. 77–503.

United States Court of Customs and Patent Appeals.

July 14, 1977.

Frank P. Presta, Jacobi, Lilling & Siegel, Arlington, Va., for the Wella Corp.

Gary E. Lande, Poms, Smith, Lande & Glenny, Los Angeles, Cal., for California Concept Corp.

MILLER, Judge.

This appeal[1] is from the decision of the Trademark Trial and Appeal Board ("board"), 192 USPQ 158 (1976), dismissing appellant's opposition No. 55,727, filed June 6, 1974, against application No. 454,056, filed April 20, 1973, for registration of the marr below for men's cologne, men's hair spray, men's hair conditioner, and men's hair shampoo,

and denying appellant's petition for cancellation No. 10,369, filed June 13, 1973, of appellee's trademark CALIFORNIA CONCEPT[2] for hair shampoo and men's cosmetics. Appellant is the owner of the trademark CONCEPT for cold permanent wave lotion and neutralizer, registration No. 878,-860, issued October 14, 1969. We reverse.

Appellant is both the prior registrant and prior user of the mark CONCEPT in commerce. The issue presented in both the opposition and cancellation proceedings was whether the mark shown in appellee's application and its registered mark, when applied to the respectively described goods, so resembles appellant's registered mark as to be likely to cause confusion or mistake, or to deceive. 15 U.S.C. § 1052(d). That is also the sole issue presented on appeal.

A substantial portion of the board's opinion was devoted to a discussion of the *present* methods of marketing the products. Appellant sells its *present* product under the CONCEPT mark to professional beauticians only and has directed most of its advertising to beauty wholesalers and beauticians. Appellee distributes its products directly to barber and hair stylist shops for resale to customers. The board correctly pointed out that "present sales methods are not conclusive in proceedings of this character where neither an application nor a registration is restricted to a particular channel of trade." However, the board erred in relying on the fact that appellant's *present* product being sold under its CONCEPT mark "requires that it be applied only by professional beauticians," and in concluding that this "locks in" its manner of distribution, negating "the principle of changing trade channels as to these goods." Instead, the board should have focused attention on the broad *class of goods* described in appellant's registration.

Although this court has stated that, in testing for likelihood of confusion under 15 U.S.C. § 1052(d), the similarity or dissimilarity of established, likely-to-continue trade channels should be considered,[3] such a consideration is not material in a situation where an opposer or petitioner for cancella-

---

1. The notice of appeal states that appellant "hereby serves notice under 35 U.S.C. §§ 141 and 142 of its appeal." Appellant's brief reiterates this error. Title 35 pertains to patents, and sections 141 and 142 pertain to appeals to this court in patent cases. However, we construe the appeal as though filed pursuant to 15 U.S.C. § 1071(a), which governs appeals to this

court in trademark cases. See *Knickerbocker Toy Co. v. Faultless Starch Co.*, 467 F.2d 501, 59 CCPA 1300, 175 USPQ 417 (1972).

2. Registration No. 958,278, issued May 1, 1973.

3. *In re E. I. du Pont De Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).

tion is relying on its unchallenged registration containing no limitation concerning trade channels and where there has been no proof of impossibility of use of common trade channels.[4] Appellant's registration is unchallenged, and we are not persuaded by appellee's assertion at oral hearing that uncontroverted evidence of record in this case establishes that *all* cold permanent wave lotions must be sold only to professionals. The testimony of appellee's president merely indicates that cold permanent wave lotions "can be dangerous," if not handled properly, and we take judicial notice of the fact that home cold permanent wave kits are, and have for many years been, sold directly to nonprofessional consumers through retail outlets.[5]

Although the involved goods are not identical, they are mostly for the care and/or treatment of hair and are the type of goods often made by the same manufacturer. Appellant markets a full line of hair care products, including shampoos and hair conditioners, in addition to permanent wave lotions and neutralizers, so that use by appellee on its shampoos and hair conditioners of a substantially similar mark to that of appellant would have a definite bearing on the likelihood that the purchasing public would think that appellee's shampoos and hair conditioners emanate from the source that manufacturers permanent wave lotions and neutralizers with which appellant's mark is associated. *Sterling Drug Inc. v. Sebring,* 515 F.2d 1128, 185 USPQ 649 (CCPA 1975). The board's characterization of appellee's products as "*men's* products" (emphasis ours) and appellee's assertion that its products "are restricted solely to *men's* cosmetics or hair care products which are for naturally styled hair" (emphasis ours) are inconsistent with appellee's registration "for hair shampoo" and the testimony of appellee's president readily admitting that appellee's products can be sold to and used by both men and women. We conclude, therefore, on the record before us, that appellee's goods and the class of goods described in appellant's registration are closely related. See *Clairol Inc. v. Redken Laboratories, Inc.,* 168 USPQ 187 (TTAB 1970).

On the question of whether the involved marks are substantially similar, we are mystified by the board's statement that appellant's mark CONCEPT "projects an undisclosed suggestive significance." To us, CONCEPT is an arbitrary mark when applied to cold permanent wave lotions and neutralizers. It neither describes nor suggests the ingredients, function, quality, or characteristics of the goods. The board emphasized that both appellant's and appellee's products "assertedly constitute new concepts in their respective fields of trade," but this does not render the mark any the less arbitrary.

When one incorporates the entire arbitrary mark of another into a composite mark, inclusion in the composite mark of a significant, nonsuggestive element will not necessarily preclude a likelihood of confusion. *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.,* 526 F.2d 556, 188 USPQ 105 (CCPA 1975); *In re West Point-Pepperell, Inc.,* 468 F.2d 200, 175 USPQ 558 (CCPA 1972). And inclusion of a merely suggestive or descriptive element, of course, is of much less significance in avoiding a likelihood of confusion. See *In re Bissett-Berman Corp.,* 476 F.2d 640, 177 USPQ 528 (CCPA 1973); *Sigma Industries, Inc. v. Sigma Instruments, Inc.,* 470 F.2d 1055, 176 USPQ 312 (CCPA 1973). In this case, the additions (to CONCEPT) of the word CALIFORNIA in appellee's registered mark and CALIFORNIA plus surfer design in its application can, at best, be regarded as merely suggestive elements tacked onto an arbitrary mark. It is our conclusion that, considered as a whole, appellee's composite

---

4. In *du Pont, supra* note 3, the parties had entered into a legally binding agreement to limit their sales of products under the same mark to discrete, noncompetitive markets.

5. Such a fact, as a matter of common knowledge, is appropriate for judicial notice. See *In re Knapp-Monarch Co.,* 296 F.2d 230, 49 CCPA 779, 132 USPQ 6 (1961); *McCormick's Handbook on the Law of Evidence* § 329 (2d ed. 1972).

marks are substantially similar to appellant's mark.

In view of the foregoing, we hold that appellee's marks, when applied to the respectively described goods, so resemble appellant's registered mark as to be likely to cause confusion or mistake, or to deceive. Although we are not free from doubt in the case of appellee's mark with the surfer design, it is a fundamental principle that doubt must be resolved against the newcomer.

We do not agree with appellee that absence of instances of actual confusion is probative because, as noted by the board, there has been "only a short period of time in which both parties have concurrently enjoyed commercial success in their operations." The statutory test is likelihood of confusion, not actual confusion. *In re Bissett-Berman Corp., supra.*

### Taxation of Printing Costs

Appellant has moved to assess printing costs against appellee for pages 206–221 of the transcript of record. Those pages relate to a motion to stay proceedings in the Patent and Trademark Office pending the outcome of appellee's declaratory judgment action against appellant in a federal district court. Appellee argues that its allegations of noninfringement in that action and appellant's responses thereto are "relevant" to the issues presented to this court. Although it is true that any *findings* made by a district court concerning likelihood of confusion between the marks of these parties would be relevant,[6] the mere *allegations* by appellee in its complaint are not probative of any fact relevant to the disposition of this appeal. Accordingly, the motion to tax printing costs is granted.

The decision of the board is *reversed.*

REVERSED

---

6. *Midland Coops., Inc. v. Midland Int'l Corp.,* 421 F.2d 754, 57 CCPA 932, 164 USPQ 579 (1970).