**WEISS ASSOCIATES, INC.,**
**Plaintiff–Appellant,**

**v.**

**HRL ASSOCIATES, INC.,**
**Defendant–Appellee.**

**No. 90–1005.**

United States Court of Appeals,
Federal Circuit.

May 10, 1990.

Jeffrey L. Miller, Roselle Park, N.J., for plaintiff-appellant. With him on the brief

was R. Gale Rhodes, Jr., Evans, Osborne, Kreizman and Welch, Red Bank, N.J.

Thomas J. Moore, Bacon & Thomas, Alexandria, Va., for defendant-appellee.

Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and SHARP, District Judge.*

SHARP, District Judge.

This case comes before this court on a denial of registration by the Trademark Trial and Appeal Board (Board) for the trademark TMM of Weiss Associates. Jurisdiction is found pursuant to 28 U.S.C. § 1295(a)(4)(B) and 15 U.S.C. § 1071(a)(1). We affirm.

## I.

### Facts

Weiss Associates (Weiss) is the appellant and applicant seeking to register the trademark TMM for computer software. HRL Associates (HRL) has registered its trademarks TMS, TMS TOTAL MAINTENANCE SYSTEM & Design and TMS TOTAL MAINTENANCE SYSTEM Stylized. Both parties market software systems. These products are used primarily by professional persons of large manufacturing plants and institutions for property maintenance and management. Both products sell in the range of thousands of dollars.

On June 16, 1986, Weiss sought to register TMM. Weiss alleges that it first used the trademark TMM on January 16, 1985. On February 20, 1987, HRL filed a Notice of Opposition to the application, alleging confusing similarity between Weiss's mark and HRL's mark.

In the hearing before the Board on April 13, 1989, Weiss admitted the existence of HRL's trademark registrations and that the goods are directly competitive. Weiss also admitted that the goods and services are advertised in the same media and travel in the same channels of trade to the same class of potential and actual customers.

Weiss however denied actual notice, intent to trade upon HRL's goodwill and likelihood of confusion.

The Board found that the only issue before it was whether Weiss's mark so resembles HRL's marks so that there would be likelihood of confusion. In its opinion dated July 21, 1989, the Board first found that there was no issue as to priority. It was clear that HRL had already registered TMS.

The Board also found that "TMS" and "TMM" are similar and that both contain the letters "TM". The Board further found the marks only differ by one letter. The Board additionally found that the purchasers of the product were discriminating purchasers.

The Board further found that even though the parties' programs were purchased by discriminating purchasers after an extended period of negotiations and deliberations, there was nevertheless a likelihood of confusion at the initial stage of the purchasing process. The final finding of the Board was that there was no evidence of actual confusion. In summary, the Board found that there was a likelihood of confusion based upon initial confusion and denied Weiss's application to register TMM.

The sole issue before this court is whether Weiss's mark TMM and HRL's mark TMS so resemble one another that confusion is likely. This court affirms the Board's conclusion, but does not agree with all the Board's reasoning in arriving at its decision.

## II.

### Standard of Review

The likelihood of confusion is a question of law to be decided by the court. *Sweats Fashions v. Pannill Knitting Co., Inc.,* 833 F.2d 1560, 1565, 4 USPQ2d 1793, 1797 (Fed.Cir.1987); *In re Bed & Breakfast Registry,* 791 F.2d 157, 158, 229 USPQ 818, 818–19 (Fed.Cir.1986); and *Giant*

---

* The Honorable Allen Sharp, Chief Judge, United States District Court for the Northern District of     Indiana sitting by designation.

Food, Inc. v. Nation's Foodservice, Inc., *710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983). This court must accept the TTAB's factual findings unless they are clearly erroneous.* Stock Pot Restaurant, Inc. v. Stockpot, Inc., *737 F.2d 1576, 1578, 222 USPQ 665, 666 (Fed.Cir.1984).* See also In re Bongrain International (American) Corp., *894 F.2d 1316, 1318, 13 USPQ2d 1727, 1729 (Fed.Cir.1990);* and Cerveceria Centroamericana, S.A. v. Cerveceria India, Inc., *892 F.2d 1021, 1024, 13 USPQ2d 1307, 1310 (Fed.Cir.1989).*

### III.

### Analysis

On the first finding by the Board that HRL has priority over Weiss, this court agrees. A trademark registration on the Principal Register is at least prima facie evidence of the registrant's ownership and exclusive right to use the mark. 15 U.S.C. § 1057(b). In this case it is not disputed that HRL was the first to use its mark TMS and was the first to register.

■ On the issue that letters are confusing, this court also agrees with the Board. It is more difficult to remember a series of arbitrarily arranged letters than it is to remember figures. *Dere v. Institute for Scientific Information, Inc.,* 420 F.2d 1068, 1069, 164 USPQ 347, 348 (CCPA 1970). *See also Crystal Corp. v. Manhattan Chemical Manufacturing Co.,* 75 F.2d 506 (CCPA 1935); *Edison Brothers Stores v. Brutting E.B. Sport–International,* 230 USPQ 530, 533 (TTAB 1986). It is especially hard to distinguish between TMS and TMM when the marks only differ by the last letter. Because it is hard to distinguish between these letters, the mark TMM is confusing with TMS.

■ On the issue of sophisticated purchaser, this court also agrees with the Board. In making purchasing decisions regarding "expensive" goods, the reasonably prudent person standard is elevated to the standard of the "discriminating purchaser." 2 J. McCarthy, *Trademarks and Unfair Competition* § 23:28 at 130 (2d ed. 1984). The record fully supports the fact that the goods were expensive. This court however would point out to counsel that the Board did not throw out the sophisticated purchaser theory as stated in *Application of E.I. DuPont DeNemours & Co.,* 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). The Board took into account the theory, but said that the similarities in the products overshadow the sophistication of the purchasers.

■ The Board in this case found that there was the likelihood of confusion between the trademarks TMM and TMS. The Board further found that there was a likelihood of confusion at the initial stage of purchasing process. In each case where likelihood of confusion is alleged the court must decide the case on its own facts. *DuPont,* 476 F.2d at 1361, 177 USPQ at 567. The proper test before this court is likelihood of confusion. Chief Judge Markey as Chief Judge on the Court of Customs and Patent Appeals enunciated relevant factors for guidance in testing for the likelihood of confusion. They are:

(1) The similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.

(2) The similarity or dissimilarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use.

(3) The similarity or dissimilarity of established, likely-to-continue trade channels.

(4) The conditions under which and buyers to whom sales are made, i.e. "impulse" vs. careful, sophisticated purchasing.

(5) The fame of the prior mark (sales, advertising, length of use).

(6) The number and nature of similar marks in use on similar goods.

(7) The nature and extent of any actual confusion.

(8) The length of time during and conditions under which there has been concurrent use without evidence of actual confusion.

(9) The variety of goods on which a mark is or is not used (house mark, "family" mark, product mark).

(10) The market interface between applicant and the owner of a prior mark:

(a) a mere "consent" to register or use.

(b) agreement provisions designed to preclude confusion, i.e. limitations on continued use of the marks by each party.

(c) assignment of mark, application, registration and good will of the related business.

(d) laches and estoppel attributable to owner of prior mark and indicative of lack of confusion.

(11) The extent to which applicant has a right to exclude others from use of its mark on its goods.

(12) The extent of potential confusion, i.e., whether *de minimis* or substantial.

(13) Any other established fact probative of the effect of use.

*DuPont*, 476 F.2d at 1361, 177 USPQ at 567.

The first three factors are relevant in this case. The marks sound alike and look alike. The products are very similar and directly compete. In looking at the factors, there is no doubt there is ample evidence to support likelihood of confusion.

■ Further, under the *DuPont* factors it is not necessary to find initial confusion to establish likelihood of confusion. Apparently the Board, at least in part, bottomed its decision on the concept of initial confusion. The Board cited a law review article by Charles E. Bruzga entitled *Sophisticated Purchaser Defense Avoided Where Pre-Sale Confusion Is Harmful—A Brief Note*, 78 TMR 659 (1988) which discussed the theory of initial confusion. This court however does not reach or embrace this concept in deciding this case. Such consideration, if ever, must be reserved for another time. Therefore, we are not following this concept of initial confusion, but we do affirm the Board's determination that there is likelihood of confusion.

The final finding of the Board was that HRL failed to show actual confusion. This court agrees. The Board stated that it reached its conclusion without giving much weight to opposer's evidence of actual confusion. HRL tried to show through the deposition of John Tusai, the manager of a preventive maintenance program for equipment at a pharmaceutical manufacturing plant, that Tusai was actually confused between TMM and TMS. The Board found that Tusai was mistaken, but not confused. The Board found that there was no actual confusion. The Board said that HRL's evidence was not persuasive to show actual confusion but that actual confusion is but one factor in a likelihood of confusion determination.

■ Before this court, the test is likelihood of confusion not actual confusion. *Wella Corp. v. California Concept Corp.*, 558 F.2d 1019, 1023, 194 USPQ 419, 423 (CCPA 1977); and *Application of Bissett-Berman Corp.*, 476 F.2d 640, 642, 177 USPQ 528, 529–30 (CCPA 1973). It is unnecessary to show actual confusion in establishing likelihood of confusion. *Giant Food, Inc.*, 710 F.2d at 1571, 218 USPQ at 396. In this case, it is immaterial whether there was actual confusion between the trademarks TMM and TMS. This court however agrees with the Board that there was no actual confusion.

## IV.

### Conclusion

This court affirms the decision of the Board only on the grounds of likelihood of confusion. This court need not and therefore does not in this case address or embrace the theory of initial confusion. Further, HRL's Motion For Judicial Notice filed on February 21, 1990 is denied.

AFFIRMED.