**SAFETY–KLEEN CORPORATION,**
**Appellant,**

v.

**DRESSER INDUSTRIES, INC.,**
**Appellee.**

**Patent Appeal No. 75–522.**

United States Court of Customs and Patent Appeals.

Aug. 7, 1975.

Rehearing Denied Oct. 9, 1975.

James T. FitzGibbon, Chicago, Ill. (Wetzel, Greenwalt & Fitzgibbon, Chicago, Ill.) attorney of record, for appellant.

Jerome Gilson, Melvin F. Jager, Chicago, Ill. (Hume, Clement, Brinks, Willian,

Olds & Cook, Ltd., Chicago, Ill.), Daniel Rubin, Dallas, Tex., attorneys of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, 181 U.S.P.Q. 726 (TTAB 1974), sustaining the opposition by Dresser Industries, Inc. (Dresser) to an application filed by Safety-Kleen Corporation (Safety-Kleen) to register , displayed in ligatured form, as a service mark for leasing, periodic maintenance and servicing of apparatus for cleaning mechanical parts, and granting Dresser's petition to cancel Safety-Kleen's registration covering the same mark for mechanical parts, cleaning units, and parts thereof including a solvent circulating pump, sink and drum reservoir. Familiarity with the board's opinion is assumed. We affirm.

The two issues presented for our consideration concern the correctness of the board's finding that there is a reasonable likelihood that "the respective products and services of the parties herein would be attributed by those encountering them to the same source," and whether this court has jurisdiction in the first instance to hear and determine the appeal.[1] Since, without an affirmative determination that this court has jurisdiction, the substantive aspects of this appeal cannot be considered, we shall first address ourselves to the jurisdictional issue.

## Jurisdiction

Dresser questions the jurisdiction of this court to entertain the instant appeal, arguing that Safety-Kleen's notice and reasons of appeal, filed on May 24, 1974,[2] was not timely filed under Rule 2.145(d) of the Trademark Rules of Practice, 37 CFR 2.145(d), because it was filed more than sixty days from the date of the board's decision on February 25, 1974. Trademark Rule 2.145(d) specifies in part:

> The time for filing the notice and reasons of appeal to the U.S. Court of Customs and Patent Appeals * * * is 60 days from the date of the decision of the Trademark Trial and Appeal Board or the Commissioner, as the case may be.

■ Although Dresser has failed to file any notice or reasons of appeal from the Commissioner's decision, we cannot dismiss as untimely Dresser's contentions concerning lack of jurisdiction. This court's jurisdiction is limited by Article III, Section 2, of the United States Constitution. Its jurisdiction to hear and determine an appeal may be challenged at any stage of the proceedings. 28 U.S.C. § 211. See also *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Resnik v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir. 1961); *Tolchester Lines, Inc. v. Dowd*, 253 F.Supp. 643 (S.D.N.Y.1966). The Commissioner's decision on Dresser's petition does not alter this court's obligation to independently determine whether it has jurisdiction. See the discussion in the dissenting opinion of Smith, J., *In re Wiechert*, 370 F.2d 927, 940, 54 CCPA 957, 973 (1967).

---

1. See *Dresser Industries, Inc. v. Safety-Kleen Corp.*, 183 USPQ 180 (Comm'r Pat. 1974). Dresser petitioned the Commissioner to direct the Clerk of the Trademark Trial and Appeal Board to refrain from preparing certified copies of the record or taking any other action to recognize the appeal. On July 31, 1974, the Commissioner denied Dresser's petition.

2. Safety-Kleen's notice and reasons of appeal to this court specified in particular Cancellation No. 10,061 by number. On May 28, 1974, this notice was supplemented to make specific reference to Opposition No. 53,193. Dresser thereupon filed a petition to the Commissioner opposing acceptance of Safety-Kleen's notice and supplemental notice, arguing that they were untimely filed. *Id.*

■ It has been established that Safety-Kleen's failure to file its notice and reasons of appeal within sixty days from the date of the board's decision was occasioned when, on March 27, 1974, thirty days after the date of the board's decision, it requested an extension of time to file a petition for reconsideration which was stipulated to by Dresser's counsel. This request was denied on April 3, 1974, with leave to file a prompt supplemental request. The supplemental request, which was also stipulated to by Dresser's counsel, was filed on April 10, 1974, simultaneously with the petition for reconsideration.

The Commissioner granted Safety-Kleen's supplemental request for extension of time, but the petition for reconsideration was denied on April 25, 1974. Then, on May 24, 1974, eighty-eight days after the board's original decision, but within thirty days after the decision on reconsideration, Safety-Kleen filed a notice and reasons of appeal to this court.

Dresser contends that the sixty-day period for filing the notice and reasons of appeal under the rule is waived only if a reconsideration petition is filed within thirty days from the date of the decision. The pertinent portion of Rule 2.145(d) provides:

> If a petition for rehearing or reconsideration is filed within 30 days after the date of the decision, the time is extended to 30 days after action on the petition. No petition for rehearing or reconsideration filed outside the time specified herein after such decision, nor any proceedings on such petition shall operate to extend the period of 60 days hereinabove provided.

The Commissioner of Patents and Trademarks, in his decision on Dresser's petition opposing acceptance of Safety-Kleen's notice and reasons of appeal, notes that the time for seeking rehearing or reconsideration of a board decision in *inter partes* cases, set in Rules 2.127(b) and 2.129(c), may be waived in appropriate cases by filing a petition for extension of time and that such waiver "is normally construed by the Patent Office also as a request for waiver of that portion of Rule 2.145(d) which refers to the thirty day period set by Rule 2.129(c) for requesting rehearing or reconsideration * * *." The Commissioner states further:

> Logically, a waiver of Rule 2.129(c) to extend, or reset the expiration of, the thirty day period for requesting rehearing or reconsideration should also apply to the same thirty day period specified in Rule 2.145(d). A specific reference to Rule 2.145(d) is not necessary for a waiver of Rule 2.129(c) to also apply to the same thirty day period in Rule 2.145(d).

We find ourselves in substantial agreement with the Commissioner's construction of Rule 2.145(d).

Appeals to this court from decisions of the Trademark Trial and Appeal Board are governed by section 21(a)(2) of the Lanham Act, 15 U.S.C. § 1071(a)(2), which at the time of this appeal provided: [3]

> When an appeal is taken to the United States Court of Customs and Patent Appeals [from a decision of the Trademark Trial and Appeal Board], the appellant shall give notice thereof to the Commissioner, and shall file in the Patent Office his reasons of appeal, specifically set forth in writing, within such time after the date of the decision appealed from, *not less than sixty days*, as the Commissioner appoints. [Emphasis added.]

---

**3.** Section 21(a)(2) was subsequently amended to read as follows:

> (2) Such an appeal to the United States Court of Customs and Patent Appeals shall be taken by filing a notice of appeal with the Commissioner, within sixty days after the date of the decision appealed from or such longer time after said date as the Commis-

sioner appoints. The notice of such appeal shall specify the party or parties taking the appeal, shall designate the decision or part thereof appealed from, and shall state that the appeal is taken to said court.
Act of January 2, 1975, Pub.L. No. 93–600, § 1, 88 Stat. 1955.

Pursuant to the rule-making authority conferred by section 41 of the Lanham Act, 15 U.S.C. § 1123, the Commissioner promulgated the Trademark Rules of Practice, 37 CFR 2.1 et seq., including Trademark Rule 2.145(d), which specifies the time for appeal to this court. The Commissioner has further provided in Rule 2.148 that any rule *not a requirement of the statute* may be suspended or waived by the Commissioner in appropriate circumstances in *inter partes* cases. *Eckey v. Watson,* 106 U.S.App.D.C. 16, 268 F.2d 891, (1959); *Commonwealth of Australia v. Radio Corporation of America,* 399 F.2d 807 (2d Cir. 1968).

■ We agree with Dresser that administrative agencies should be bound by their own rules and regulations, so that an agency's power to suspend its own rules pursuant to potentially all-inclusive waiver or suspension provisions, exemplified by Rule 2.148, must be closely scrutinized especially where the substantive rights of a party in the administrative process may be adversely affected. We, nevertheless, must conclude that this is just the kind of case where a rule which is not a requirement of statute may be suspended or waived by the Commissioner in the interests of justice, especially since no substantive interest of Dresser has been adversely affected.

A contrary construction of the rule might force a party who wishes to appeal an adverse decision of the board to file his appeal before the board has ruled on the petition for reconsideration or at least before the interested parties have had an adequate opportunity to review the decision on reconsideration. It is entirely within the Commissioner's discretion to avoid such an unreasonable construction of a rule which is not in contravention of the relevant statute.

### Likelihood of Confusion

■ Having found that this court has jurisdiction to hear and determine this appeal, it remains only for us to consider the correctness of the board's holding that "there is a reasonable likelihood that the respective products and services of the parties herein would be attributed by those encountering them to the same source." Our review of the record, considered in light of the arguments of the parties, convinces us that the board properly decided the likelihood of confusion issue.

The board based its holding on the following factual findings, all of which are, in our view, adequately supported by the record:

We find, on the basis of the record herein, that because of extensive use and promotion over the years by Dresser and its predecessors, "S–K" hand tools have been well known in the consumer market, in industrial and manufacturing plants and, in particular, in the automotive after-market including service stations, garages, automobile dealerships, and like establishments since long prior to Safety-Kleen's adoption and use of "SK" to identify its parts washers and the leasing and servicing of such apparatus which it has likewise directed to professional mechanics, service stations, garages, automobile dealers, and industrial plants; that both Dresser and Safety-Kleen have directed their advertising and promotional activities primarily at the general auto repair and service station market and through some of the same trade publications such as *Motor Age, Service Station Management, Motor Service* and *Super Service Station* ; that Safety-Kleen's parts washer and Dresser's tools would be utilized in the same service areas by the same professional mechanics and maintenance personnel; and that Dresser's hand tools and Safety-Kleen's parts washer are related in use to the extent that mechanics could utilize such tools to remove the parts for cleaning in the cleaner and that, admittedly, the parts cleaner can be and has been utilized to clean dirty and greasy hand tools. In view of these circumstances and conditions and considering the identity of the marks "S–K" and "SK", it is concluded that there is a reasonable likelihood that the respective products and services of

the parties herein would be attributed by those encountering them to the same source. [Footnotes omitted.]

Noting that parts washers and hand tools are not competitive, Safety-Kleen's primary contention in this appeal is that confusion is not likely "where the goods have a different use and character," apparently notwithstanding that the goods (and/or services) may be sold in the same establishments to the same class of purchasers. See *Schenley Distillers, Inc. v. General Cigar Co.*, 427 F.2d 783, 57 CCPA 1213 (1970).

■ While the similarity or dissimilarity of the goods or services should, in appropriate cases, be considered in determining likelihood of confusion under section 2(d) of the Lanham Act (see *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357 (CCPA 1973)), the law has long protected the legitimate interests of trademark owners and consumers from confusion among noncompetitive, but related, products bearing confusingly similar marks. See *Aunt Jemima Mills Co. v. Rigney & Co.*, 247 F. 407, 159 CCPA 461 (2d Cir. 1917); *Yale Electric Corp. v. Robertson*, 26 F.2d 972 (2d Cir. 1928).

This court has adopted this rule. See *J. C. Hall Co. v. Hallmark Cards, Inc.*, 340 F.2d 960, 52 CCPA 981 (1965); *W. E. Kautenberg Co. v. Ekco Products Co.*, 251 F.2d 628, 45 CCPA 761 (1958). The board's decision is in accord with this prevailing rule.

■ Also lacking merit is Safety-Kleen's contention that services and products marketed under substantially the same mark cannot be found likely to cause confusion. See *Beef/Eater Restaurants, Inc. v. James Burrough Ltd.*, 398 F.2d 637 (5th Cir. 1968).

Accordingly, the decision of the board is *affirmed.*

Affirmed.