Sarah PENCE et al., Plaintiffs,

v.

Thomas KLEPPE, Individually and as Secretary of the Interior of the United States and his Agents, and the United States of America, Defendants.

Civ. No. A74–138.

United States District Court, D. Alaska.

Dec. 20, 1976.

Alaska Legal Services Corp., by Donald Juneau, Michael J. Frank, James Grandjean, Anchorage, Alaska, for plaintiffs.

G. Kent Edwards, U. S. Atty. for Alaska, by John D. Roberts, Asst. U. S. Atty., Anchorage, Alaska, for defendants.

3. Attachment is provided in certain instances. A.S. § 09.40.010; Civil Rule 89.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on defendant's request for dismissal. Although not so captioned it is assumed that this is in fact a motion for summary judgment and the court will proceed on that basis. *See* Fed.R.Civ.Pro. 12(b).

Following a remand of this case from the court of appeals 529 F.2d 135 (9th Cir. 1976), this court ordered the Secretary to meet the requirements set forth in that opinion. In response to that opinion the Department of the Interior adopted the hearing procedures contained in 43 CFR 4.20–4.30, and 4.420–4.423, the contest regulations of 43 CFR 4.451 *et seq.* and certain provisions of 43 CFR 4.450. *See generally Donald Peters,* IBLA 76–147, 26 IBLA 235 (1976).

The court has determined that these procedures sufficiently fulfill the mandate of the court of appeals as regards the hearing procedure itself. The circuit court's concerns that the field examiner may not be the best party to present the case and that written submissions alone may severely inhibit proper presentation of these claims have both been effectively provided for. With the new hearing procedure the applicant is told the specific reasons for the rejection and he is allowed personally to present oral and documentary evidence to the Administrative Law Judge. Such a procedure circumvents the shortcomings of the earlier procedure which the court of appeals found violative of due process. On this issue, therefore, defendant is entitled to judgment as a matter of law.

Plaintiffs raise a second issue in their opposition to this motion. They contend that their amended complaint alleges a failure of the Secretary to comply with his own regulations and that this contention has not been met in the present motion. This assertion is well taken. As a general rule an administrative agency is bound to follow its own regulations. *Service v. Dulles,* 354 U.S. 363, 388, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Safety-Kleen Corp. v.*

*Dresser Industries,* 518 F.2d 1399, 1403 (Ct. Pat.App.1975); *Brennan v. Gilles & Cotting, Inc.,* 504 F.2d 1255, 1264 (4th Cir. 1974); *Taylor v. Maryland School for the Blind,* 409 F.Supp. 148, 154 (D.Maryland 1976). The complaint in this case alleges a failure to comply with the pertinent regulations and nothing has been presented which would allow summary judgment on that issue.

Defendant's only response to this point is a statement that such questions are best treated in an individual manner. This contention ignores one crucial factor.

This action has been certified as a proper class action under Rule 23(b)(2). Such a determination is predicated on the fact that the defendant has acted or refused to act on grounds generally applicable to the class. Fed.R.Civ.Pro. 23(b)(2). The issue of the compliance with agency regulations was included in that class determination.

If the defendant desires to have these claims treated individually he should move to decertify the class as to this claim for relief. Fed.R.Civ.Pro. 23(c)(1). If such a motion is presented and granted the court will consider whether the proper procedure is to dismiss or to allow the individual plaintiffs to proceed in the present action. This issue need not be determined at this point.

As a final opposition to this motion the plaintiffs have strenuously urged that the 30 day answer provisions of 43 CFR 4.450–6 and 4.450–7 violate the circuit court's mandate and due process. These provisions require an answer within 30 days when an initial determination is adverse to the contestee and this time limit is jurisdictional. Except for one narrow exception, 43 CFR 4.422(a), it cannot be extended. *See Sainberg v. Morton,* 363 F.Supp. 1259, 1263 (D.Ariz.1973).

The answer required by this section seems to be a hybrid between an answer in a normal civil case and a notice of appeal. The 30-day "death knell" regulation, however, does not have a provision for excusing failure to comply as does an answer in a civil case. Fed.R.Civ.Pro. 55, or a notice of

appeal. Fed.R.App.Proc. 4(a). Plaintiffs attack this rigid aspect of the regulation.

As the court has not granted total summary judgment to the defendant it is not necessary to meet the issue at this time. The issue is raised, however, in a plaintiffs' motion for supplemental relief [1] and will have to be determined in part when that motion becomes ripe for decision.

Regarding that motion and the challenge to the 30-day requirement it appears to the court that an essential issue has not been briefed. Neither the complaint nor the papers submitted on any motion show that a named plaintiff or a member of the class has been harmed by this regulation. It appears, therefore, that a question of standing is present in this case on this issue. An additional closely related issue *see Warth v. Seldon,* 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) is the question of ripeness. *See Abbot Labs v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The court, therefore, requests further briefing on these issues.

Accordingly, IT IS ORDERED:

1. THAT defendant's motion for dismissal is granted in part and denied in part in conformity with this memorandum.

2. THAT plaintiffs and defendant may submit briefs if they desire on the narrow issues of standing and ripeness. The parties will confer regarding a briefing schedule and submit a stipulation to the court for approval.

---

1. Although not so captioned the court will deem this motion a motion for a preliminary injunction unless otherwise persuaded by counsel.