**SAN FERNANDO ELECTRIC MFG. CO., Appellant,**

v.

**JFD ELECTRONICS COMPONENTS CORPORATION, Appellee.**

**Appeal No. 77–576.**

United States Court of Customs and Patent Appeals.

Nov. 23, 1977.

Robert C. Comstock, Los Angeles, Cal., of record, for appellant.

1. Digest, 194 USPQ 101 (1977).

Edward A. Meilman, Ostrolenk, Faber, Gerb & Soffen, New York City, of record, for appellee; Sidney G. Faber, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Trademark Trial and Appeal Board (TTAB)[1] dismissing an opposition to the registration[2] of MICROCERAM for "electrical capacitors" broadly, there being no limitation as to type, size, materials, fields of use, type of users, or channels of trade. We reverse.

Opposer is the owner of registration No. 761,880 issued December 24, 1963, of the mark MONOCERAM for "capacitors" without limitation. Its priority of both use and registration by at least ten years and its continuing use are uncontested. Sales of capacitors under its above mark in the period of 1970–75, as found by the board, were in excess of $35 million.

The goods being identical, the sole issue is under § 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) which provides that registration shall be refused if MICROCERAM "so resembles" MONOCERAM "as to be likely * * * to cause confusion, or to cause mistake, or to deceive."

It is too well settled as an axiom of trademark law to require citation of precedent that on the statutory issue involved here doubts are to be resolved against the newcomer and in favor of the prior user.

■ In view of opposer's ownership of its presently existing *registration* of MONOCERAM for "capacitors" broadly, the particular uses of the mark it happened to be making at the time of testimony are irrelevant, together with the particular types of purchasers assumed to be buying from opposer. It appears to us that the TTAB gave too much weight to factual conclusions it drew on these points from opposer's exhibits in reaching its key conclusion that

2. On application serial No. 14,858, filed March 4, 1974, claiming first use on August 23, 1973.

Here, since the goods are capacitors that find application, *according to opposer's brochure,* in technical or sophisticated equipment, the purchasers would normally be technically trained and informed in this field and know what they want and therefore purchase with care. [Emphasis ours.]

Opposer's rights are not to be tied to its current business practices, which may change at any time. Its rights are as broad as its registration for "capacitors." *Wella Corp. v. California Concept Corp.,* 558 F.2d 1019, 1021–22, 194 USPQ 419, 421–22 (Cust. & Pat.App.1977); *Contour Chair-Lounge Co. v. Englander Co.,* 324 F.2d 186, 187–88, 51 CCPA 833, 835, 139 USPQ 285, 286–87 (1963).

Capacitors are of enormous variety in type and size, ranging from a unit of a couple of cubic feet or more to an almost invisible speck in an integrated circuit. Even the more limited class of ceramic capacitors, to which the parties here apparently presently apply their marks, is commercially available in great variety, sold to and bought by a wide variety of customers, as may be seen from standard reference works such as electronics dictionaries. Therefore, we cannot agree with the board that "the goods" are necessarily "in technical or sophisticated equipment" the buyers being "technically trained and informed" and, by implication, selecting what they know they want from the brochures of known makers. They can as well be kids assembling educational science kits and picking them off of racks in stores selling electronic parts.

■ Application here of a "discriminating purchaser" assumption is unwarranted. Regarding the goods described in the application of appellee and the registration of opposer as what they may well be—off-the-shelf or hanging-on-the-rack items—we believe the marks are so close as to be likely to cause confusion or mistake *as to source* among a substantial group of potential customers. The statute therefore precludes registration, and, if there be doubt about it, resolution of the doubt must be in favor of sustaining the opposition.

With respect to the many third-party registrations put into the record of marks using "mono" or "micro" or "ceramic" or parts thereof, there is no evidence showing that any of them are *in use* so as to have conditioned the minds of prospective purchasers. Obviously, the marks here are constructed of old linguistic elements, but they must be considered as wholes, and *not* on the basis of side-by-side comparison, and in the light of the fallibility of memory.

■ The TTAB felt that since CERAM is suggestive of a ceramic material, the syllables MONO and MICRO alone "generate the commercial impact of the marks as a whole." We wholly disagree. Each syllable of each mark generates an "impact," but the only impact to be considered is that of the whole. *Massey Junior College, Inc. v. Fashion Institute of Technology,* 492 F.2d 1399, 181 USPQ 272 (Cust. & Pat.App.1974). While MONO may suggest to a purchaser that a capacitor is of the monolithic type, monolithic ceramic capacitors may be very small (MICRO), as opposer's evidence shows. MONOCERAM and MICROCERAM are not sufficiently different in their total impacts to eliminate likelihood of confusion as to source.

The decision dismissing the opposition is *reversed.*

*REVERSED.*

