## In re CHATAM INTERNATIONAL INCORPORATED.

No. 03–1504.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 3, 2004.

Paul M. Lewis, Charles Jacquin et Cie., Inc., of Philadelphia, PA, argued for appellant.

James R. Hughes, Associate Solicitor, United States Patent and Trademark Office of Arlington, VA, argued for the Director of the United States Patent and Trademark Office. With him on the brief were John M. Whealan, Solicitor; and Stephen Walsh, Associate Solicitor.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

The Trademark Trial and Appeal Board (Board) of the United States Patent and Trademark Office affirmed the examining attorney's refusal to register Chatam International Inc.'s (Chatam's) mark JOSE GASPAR GOLD in connection with tequila. *In re Chatam Int'l Inc.*, Ser. No. 76/138,531, 2003 WL 2008773 (TTAB Apr. 25, 2003). Because the Board did not err in perceiving a likelihood of confusion with GASPAR'S ALE for beer and ale, this court affirms.

I.

In September 2000, Chatam filed an intent-to-use application under section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), for the mark JOSE GASPAR GOLD on tequila. The examining attorney initially refused registration under 15 U.S.C. § 1052(d) over two registered marks: GASPAR'S ALE, U.S. Registration No. 2,063,790, and GASPAR'S ALE LIMITED RELEASE YBOR PRIVATE STOCK 12 FL. OZ. ALE, U.S. Registration No. 2,088,953. With reference to the dominant feature of Chatam's proposed mark, the examining attorney noted that JOSE GASPAR GOLD resembled the two registered marks enough to cause a likelihood of confusion, to cause a mistake, or to deceive. Specifically, the examining attorney stated: "GASPAR(S) is clearly the dominant element in all the marks. In the proposed mark, the first name JOSE and the word GOLD both simply modify the name GASPAR. In the registered marks, the word ALE is descriptive and disclaimed, and in U.S. Registration No. 2,088,953, the additional wording simply modifies the word GASPAR'S." The examining attorney also invited Chatam to declare that the mark did not contain the name of any living person. Responding to the office action, Chatam argued that its mark was distinctive without any likelihood of confusion between its mark and the two registered marks. Further, Chatam challenged the examining attorney's conclusion that GASPAR is a dominant feature. Chatam observed that ale and tequila are different classes of goods with different ethnic origins (ale being Germanic or English and tequila being Mexican). Chatam also declared that JOSE GASPAR is not the name of any known living individual.

Despite Chatam's response, the examining attorney sustained the refusal. In addition to reasserting that GASPAR is the dominant feature, the examining attorney pointed out that tequila or liquor and beer or ale enjoy a close relationship, even in the face of some difference in ethnic origin. Chatam then appealed the final refusal to the Board.

The Board affirmed the examining attorney's refusal to register JOSE GASPAR GOLD based on a likelihood of confusion with the registered mark GASPAR'S ALE.[1] Applying the factors set forth in *In re E.I. DuPont DeNemours & Co.*, 476 F.2d 1357 (CCPA 1973), the Board relied primarily on two key considerations: the similarities between the marks and the

---

1. On appeal to the Board, the examining attorney withdrew the refusal over GASPAR'S ALE LIMITED RELEASE YBOR PRIVATE STOCK 12 FL. OZ. ALE.

similarities between the goods. Specifically, the Board determined that the two marks in their entireties are sufficiently similar to cause a likelihood of confusion. The Board further determined that tequila and ale or beer are closely related in a commercial sense. *See In re Majestic Distilling Co.*, 315 F.3d 1311, 1316 (Fed. Cir.2003) (stating "malt liquor and tequila are similar by virtue of the fact that both are alcoholic beverages that are marketed in many of the same channels of trade to many of the same consumers"). Lastly, the Board noted that it must resolve any doubt regarding likelihood of confusion against Chatam, because Chatam, as the newcomer, had the opportunity and obligation to avoid confusion.

## II.

■ Likelihood of confusion under the Lanham Act, 15 U.S.C. § 1052(d), is a legal determination based upon factual underpinnings. *On–Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1084 (Fed.Cir.2000). This court reviews the legal determination without deference. *In re Int'l Flavors & Fragrances, Inc.*, 183 F.3d 1361, 1365 (Fed.Cir.1999). This court reviews the factual underpinnings for that legal conclusion, that is, the *DuPont* factors, for substantial evidence. *Dickinson v. Zurko*, 527 U.S. 150, 156, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999); *Bose Corp. v. QSC Audio Prods., Inc.*, 293 F.3d 1367, 1370 (Fed.Cir.2002). Evidence is substantial if "a reasonable person might find that the evidentiary record supports the agency's conclusion." *On–Line Careline*, 229 F.3d at 1085. Moreover, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.* at 1086 (internal quotation marks omitted).

■ This case primarily presents two *DuPont* factors, the similarities between the marks and the similarities between the goods. *DuPont*, 476 F.2d at 1361. At the outset, this court considers the marks. Undoubtedly, JOSE GASPAR GOLD and GASPAR'S ALE are not identical: JOSE and GOLD appear in the former, while ALE appears in the latter along with GASPAR in the possessive form. Chatam asserts that these differences establish distinct commercial impressions precluding a likelihood of confusion even though a form of GASPAR appears in both marks. In particular, Chatam argues that the Board improperly dissected the two marks in violation of the anti-dissection rule, which states that a likelihood of confusion "cannot be predicated on dissection of a mark, that is, on only part of a mark." *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058 (Fed.Cir.1985). Even so, this court has remarked that "[o]nce all the features of the mark are considered ... it is not improper to state that, for rational reasons, more or less weight has been given to a particular feature of the mark, provided the ultimate conclusion rests on a consideration of the marks in their entireties." *Packard Press, Inc. v. Hewlett–Packard Co.*, 227 F.3d 1352, 1357 (Fed.Cir.2000); *see also Nat'l Data*, 753 F.2d at 1058.

In this case, the Board did not improperly discard the dissimilar portions of the JOSE GASPAR GOLD and GASPAR'S ALE. Instead, the Board clearly recognized and acknowledged the differences between the two marks. Despite those differences, the Board determined that both marks convey the commercial impression that a name, GASPAR, is the source of related alcoholic beverages, tequila and beer or ale. In other words, the Board discounted the commercial significance of ALE in the registered mark and JOSE and GOLD in Chatam's mark.

With respect to ALE, the Board noted that the term is generic and that the regis-

trant disclaimed it in its registration. Because ALE has nominal commercial significance, the Board properly accorded the term less weight in assessing the similarity of the marks under *DuPont.* As a generic term, ALE simply delineates a class of goods. *See Nat'l Data,* 753 F.2d at 1058 (stating "[t]hat a particular feature is descriptive or generic with respect to the involved goods or services is one commonly accepted rationale for giving less weight to a portion of a mark").

With respect to JOSE, the Board correctly observed that the term simply reinforces the impression that GASPAR is an individual's name. Thus, in accord with considerable case law, the JOSE term does not alter the commercial impression of the mark. *See E & J Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1291–92 (9th Cir.1992) (affirming that GALLO and JOSEPH GALLO are similar); *Nina Ricci, S.A.R.L. v. E.T.F. Enters., Inc.,* 889 F.2d 1070, 1073–74 (Fed.Cir.1989) (holding that VITTORIO RICCI and NINA RICCI are similar); *John B. Stetson Co. v. Stephen L. Stetson Co.,* 85 F.2d 586, 587 (2d Cir.1936) (holding that STEPHEN L. STETSON and STETSON are similar); *but see Brennan's Inc. v. Brennan's Rest., L.L.C.,* 360 F.3d 125, 133 (2d Cir.2004) (explaining that BRENNAN'S and TERRANCE BRENNAN'S are not similar because "the addition of the first name 'Terrance' to defendant's mark is meaningful"). In sum, the first name JOSE modifies the surname GASPAR and serves to emphasize that GASPAR is a name.

With respect to GOLD, the Board determined that the term denotes a premium quality, a descriptive term offering little to alter the commercial impression of the mark. *See Nat'l Data,* 753 F.2d at 1058 (explaining that descriptive or generic terms are properly given less weight). Indeed, GOLD, in the context of tequila, describes either a characteristic of the good—its color—or a quality of the good commensurate with great value or merit. *In re MBNA Am. Bank, N.A.,* 340 F.3d 1328, 1332 (Fed.Cir.2003) ("A mark is merely descriptive if it immediately conveys information concerning a quality or characteristic of the product or service."). In sum, the Board had good reason to discount ALE, JOSE, and GOLD as significant differences between the marks.

After discounting any commercial impression of JOSE and GOLD, Chatam is left with GASPAR as the dominant feature of its mark. In comparison, the dominant feature of the registered mark is GASPAR'S, which is simply the possessive form of the surname GASPAR. Viewed in their entireties with non-dominant features appropriately discounted, the marks become nearly identical. That is, the dominant feature of Chatam's mark, GASPAR, is also the dominant feature of the registered mark, GASPAR'S, albeit in possessive form. Thus, the Board correctly perceived that GASPAR and GASPAR'S convey a similar appearance, sound, connotation, and commercial impression. *See Bose,* 293 F.3d at 1378 (stating that "[t]he presence of the root element WAVE ... introduces a strong similarity in all three marks"); *Giant Food, Inc. v. Nation's Foodservice, Inc.,* 710 F.2d 1565, 1571 (Fed.Cir.1983) (holding that the shared term GIANT is the dominant portion of the marks, which supports a finding that there would be a likelihood of confusion between them); *King–Kup Candies, Inc. v. King Candy Co.,* 48 C.C.P.A. 948, 288 F.2d 944, 945 (1961) (holding that KING'S and KING–KUP share a dominant root and, thus, are confusingly similar). Accordingly, even though the Chatam's mark and the registered mark are not word-for-word copies of one another, substantial evidence supports the Board's decision that the two marks, when considered in their entireties, are strikingly similar. *See*

*In re Coors Brewing Co.*, 343 F.3d 1340, 1344 (Fed.Cir.2003) (stating that "the two marks are generally similar, principally because they both use the term 'Blue Moon'" and noting that "similarity is not a binary factor but is a matter of degree").

Seizing on the lack of identity between JOSE GASPAR GOLD and GASPAR'S ALE, Chatam invokes *In re Hearst Corp.*, 982 F.2d 493 (Fed.Cir.1992), and *Conde Nast Publications, Inc. v. Miss Quality, Inc.*, 507 F.2d 1404 (CCPA 1975). In *Hearst*, this court reversed a Board decision that refused registration of VARGA GIRL because there was a likelihood of confusion with the registered mark VARGAS. While noting that the determination is highly fact-specific, this court stated:

> The appearance, sound, sight, and commercial impression of VARGA GIRL derive significant contribution from the component "girl". By stressing the portion "varga" and diminishing the portion "girl", the Board inappropriately changed the mark. Although the weight given to the respective words is not entirely free of subjectivity, we believe that the Board erred in its diminution of the contribution of the word "girl". When GIRL is given fair weight, along with VARGA, confusion with VARGAS becomes less likely.

982 F.2d at 494 (footnote omitted). Although the registered mark and the applicant's mark were both for calendars, this court held that "VARGA GIRL and VARGAS are sufficiently different in sound, appearance, connotation, and commercial impression, to negate likelihood of confusion in terms of § 2(d) of the Lanham Act." *Id.*

In *Conde Nast*, this court's predecessor affirmed the Board's decision that there was not a likelihood of confusion between COUNTRY VOGUES for women's dresses and VOGUE for a magazine. In part, the court's rationale hinged on the overall differences between the two marks:

> COUNTRY VOGUES and VOGUE do not look or sound alike. The only similarity between them is that VOGUE is part of the mark COUNTRY VOGUES, and the dissimilarities between the marks, viewed in their entireties, outweigh this similarity sufficiently to leave no doubt.

*Conde Nast*, 507 F.2d at 1407 (footnote omitted). The court also emphasized the differences between the goods. *Id.*

These cases, however, do not control the Board's determination in this case. Rather, the Board in this case neither inappropriately changed the marks nor erroneously determined that the marks were similar after viewing the marks as a whole, though focusing on their dominant features. Furthermore, the *Hearst* court even "illustrate[d] the fact-dependency" of determining whether non-identical marks are sufficiently similar by listing cases falling on both sides. 982 F.2d at 494 n. 2. Thus, the court perceives no error in appropriately discounting portions of JOSE GASPAR GOLD and GASPAR'S ALE that did not change the commercial impression of the marks.

Moreover, the Board also properly considered the relatedness of the goods—tequila and beer or ale. *See Coors Brewing*, 343 F.3d at 1345–47 (holding that beer and restaurant services are not sufficiently related to support a finding of a likelihood of confusion). While not conceding a relationship between its goods and GASPAR'S ALE, Chatam argues that the relatedness of the goods is irrelevant. To the contrary, a proper analysis includes this factor in considering the likelihood of confusion. *Majestic Distilling*, 315 F.3d at 1316; *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1407–08 (Fed.Cir.1997).

Furthermore, substantial evidence supports the Board's finding of a close relationship between tequila and beer or ale. Indeed, the goods often emanate from the same source because "both are alcoholic beverages that are marketed in many of the same channels of trade to many of the same consumers." *Majestic Distilling,* 315 F.3d at 1316 (holding that malt liquor and tequila sold under the same mark would cause a likelihood of confusion). In this case, as in *Majestic Distilling,* the Board correctly determined that tequila and beer or ale are inexpensive commodities that consumers would be unlikely to distinguish by manufacturer. *Id.* at 1316–17.

■ Finally, the Board's methodology did not violate the anti-dissection rule. Rather, the Board properly compared the two marks in their entireties and gave each individual term in the respective marks more or less weight depending on its effect on the overall commercial impression. Moreover, this court holds that substantial evidence supports the Board's refusal to register Chatam's mark. Like the Board, this court "resolves doubts about the likelihood of confusion against the newcomer because the newcomer has the opportunity and obligation to avoid confusion with existing marks." *Hewlett–Packard Co. v. Packard Press, Inc.,* 281 F.3d 1261, 1265 (Fed.Cir.2002).

### COSTS

Each party shall bear its own costs.

*AFFIRMED.*