NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE FRANCISCAN VINEYARDS, INC.

---

2014-1269

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Opposition No. 91178682.

---

Decided: December 9, 2014

---

JOHN M. RANNELLS, Baker and Rannells, PA, of Raritan, New Jersey, for appellant.

---

Before LOURIE, CHEN, and HUGHES, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Franciscan Vineyards, Inc. ("Franciscan") appeals from the decision of the United States Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board (the "Board") dismissing its opposition to an application filed by Domaines Pinnacle, Inc. ("Domaines Pinnacle") to register a DOMAINE PINNACLE mark. *See Franciscan Vineyards, Inc. v. Domaines Pinnacle, Inc.*, No. 91178682, 2013 WL 5820844 (T.T.A.B. Oct. 16, 2013) ("*Opinion*"). Because the Board did not err in determining that Fran-

ciscan failed to prove a likelihood of confusion between Franciscan's registered marks for use with wines and Domaines Pinnacle's requested mark for use with "apple juices and apple-based non-alcoholic beverages," we *affirm*.

BACKGROUND

Domaines Pinnacle, a Canadian corporation and producer of alcoholic ice apple wines, filed an intent-to-use application at the PTO, seeking to register a DOMAINE PINNACLE mark for "apple juices and apple-based non-alcoholic beverages." *Opinion* at *1. Franciscan opposed the registration, alleging that Domaines Pinnacle's mark would likely cause confusion with Franciscan's previously registered and used marks PINNACLES for "wine" and PINNACLES RANCHES for "wines." *Id.*

The Board evaluated the following *DuPont* factors: (1) the similarity or dissimilarity of the marks in their entireties ("the first *DuPont* factor"); (2) the similarity or dissimilarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use ("the second *DuPont* factor"); (3) the similarity or dissimilarity of established, likely-to-continue trade channels ("the third *DuPont* factor"); (4) the conditions under which and the buyers to whom sales are made ("the fourth *DuPont* factor"); (5) the fame of the prior mark ("the fifth *DuPont* factor"); (6) the number and nature of similar marks in use on similar goods ("the sixth *DuPont* factor"); and (7) the market interface between the applicant and the owner of a prior mark ("the tenth *DuPont* factor"). *Id.* at *3–8; *see also In re E.I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361 (CCPA 1973) (listing factors relevant to likelihood of confusion determination).

The Board found that the first, third, and fourth *DuPont* factors favored a finding of likelihood of confusion, *Opinion* at *3–4, *6, but that the fifth, sixth, and

tenth *DuPont* factors were neutral, *id.* at *4–5, *8.  The Board, moreover, found that the second *DuPont* factor favored a finding of *no* likelihood of confusion.  *Id.* at *6–8.  Franciscan submitted evidence that the parties were competitors in Canada and that Franciscan's parent company wholly owned three Canadian companies that sold wines and ciders.  But the Board found Franciscan's evidence insufficient to show that the goods at issue, *i.e.*, Franciscan's wines and Domaines Pinnacle's "apple juices and apple-based non-alcoholic beverages," were related or that they would likely be seen by the same persons under circumstances that could give rise to confusion.  *Id.* at *7.

Balancing the relevant *DuPont* factors, the Board reasoned that "the lack of evidence showing a relatedness of the goods outweigh[ed] the first, third, and fourth [*DuPont*] factors."  *Id.* at *8.  The Board therefore concluded that Franciscan failed to prove its case and dismissed the opposition.  *Id.* at *8–9.

Franciscan appealed to this court; we have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We review the Board's legal conclusions without deference and its factual findings for substantial evidence. *In re Pacer Tech.*, 338 F.3d 1348, 1349 (Fed. Cir. 2003). Likelihood of confusion is a question of law based on underlying findings of fact.  *In re Chatam Int'l, Inc.*, 380 F.3d 1340, 1342 (Fed. Cir. 2004).  We assess a likelihood of confusion based on the factors set forth in *DuPont*.  476 F.2d at 1361.  "The likelihood of confusion analysis considers all *DuPont* factors for which there is record evidence but 'may focus . . . on dispositive factors, such as similarity of the marks and relatedness of the goods.'" *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164–65 (Fed. Cir. 2002) (quoting *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336 (Fed. Cir. 2001)).

Franciscan argues that the Board overlooked evidence relating to the second *DuPont* factor, namely that Franciscan's wines and Domaines Pinnacle's "apple juices and apple-based non-alcoholic beverages" were related goods. According to Franciscan, when evaluating the second *DuPont* factor, the Board failed to take into account its own findings regarding the third and fourth *DuPont* factors. Franciscan also argues that the Board failed to follow *In re Jakob Demmer KG*, 219 U.S.P.Q. 1199 (T.T.A.B. 1983) to generally deem wines and non-alcoholic beverages related goods. Franciscan faults the Board for not taking judicial notice of the dictionary definitions of "wine" and "cider," and urges this court to take such judicial notice. Finally, Franciscan asserts that the Board incorrectly evaluated the fifth *DuPont* factor concerning the fame of its registered marks.

We conclude that the Board did not err in determining that there was no likelihood of confusion between Franciscan's previously registered marks for use with wines and Domaines Pinnacle's requested mark for use with "apple juices and apple-based non-alcoholic beverages" because Franciscan failed to present evidence to show that the goods at issue were related.

Franciscan presented testimony to the Board that the parties were competitors in Canada and that Franciscan's parent company owned three Canadian companies that sold wines and ciders. The Board correctly noted, however, that this evidence pertains to Canadian entities and is insufficient "to show that [Domaines Pinnacle's] and [Franciscan's] identified goods are related in some manner" or that the goods are marketed such that "they would be likely to be seen by the same persons under circumstances which could give rise to a mistaken belief that they originate from or are in some way associated with the same producer or that there is an association between the producers of each parties' goods." *Opinion* at *7.

Moreover, we agree with the Board that *Jacob Demmer* does not control in this case. *Id.* at \*6. In *Jacob Demmer*, the Board affirmed the examining attorney's refusal to register similar marks for "wines" and "apple cider." *Jacob Demmer*, 219 U.S.P.Q. at 1200. In doing so, the Board took judicial notice of the dictionary definitions of "cider" and "wine" and found the goods at issue there to be related. *Id.* at 1201. As the Board correctly noted here, however, *Jacob Demmer* involved an *ex parte* appeal, in which the Board generally adopts a "more permissive stance with respect to the admissibility and probative value of evidence" than it does in an *inter partes* proceeding, in which the burden is on the opposer to introduce evidence that the goods are related. *Id.* at \*7 (citing T.T.A.B. Manual of Procedure § 1208 (3d ed. rev. 2 June 2013)). The Board thus did not err in refusing to adopt a general rule that cider and wine are *per se* related or to take judicial notice of the dictionary definitions of "wine" and "cider" in this case.

We have considered Franciscan's remaining arguments but find them unpersuasive. We therefore conclude that substantial evidence supports the Board's factual findings underlying the relevant *DuPont* factors and that the Board did not err in determining, based on the record evidence, that there was no likelihood of confusion.

## CONCLUSION

For the foregoing reasons, we *affirm* the decision of the Board dismissing Franciscan's opposition.

**AFFIRMED**