This Opinion is a
Precedent of the TTAB

Mailed: July 23, 2018

UNITED STATES PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

*In re Peace Love World Live, LLC*

———

Serial No. 86705287

———

Mark Terry, Esq., for Peace Love World Live, LLC.

Jason F. Turner, Trademark Examining Attorney, Law Office 108,
    Andrew Lawrence, Managing Attorney.

———

Before Mermelstein, Bergsman and Ritchie,
    Administrative Trademark Judges.

Opinion by Bergsman, Administrative Trademark Judge:

Peace Love World Live, LLC ("Applicant") seeks registration on the Principal

Register of the mark I LOVE YOU (in standard characters) for "bracelets," in Class

14.[1]

The Trademark Examining Attorney refused registration under Sections 1, 2 and

45 of the Trademark Act, 15 U.S.C. §§ 1051, 1052 and 1127, on the ground that I

---

[1] Application Serial No. 86705287 was filed on July 27, 2015, under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), based upon Applicant's claim of first use anywhere and first use in commerce since at least as early as August 5, 2013.

LOVE YOU as used by Applicant fails to function as a trademark because it is merely a decorative feature of Applicant's bracelets.

Also, the Trademark Examining Attorney refused to register I LOVE YOU for bracelets under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), on the ground that I LOVE YOU for bracelets so resembles the registered mark I LUV U for, *inter alia,* "jewelry, namely, necklaces, bracelets, rings and charms; pendants; earrings," in Class 14, as to be likely to cause confusion.[2]

When the refusals were made final, Applicant appealed and requested reconsideration. After the Examining Attorney denied the request for reconsideration, the appeal was resumed. We affirm both refusals to register.

## I. Preliminary Issue Regarding the Refusal under Sections 1, 2, and 45 of the Trademark Act.

The Trademark Manual of Examining Procedure ("TMEP") (October 2017) provides that when assessing whether applied-for matter is merely decorative or can serve a trademark function for purposes of making an ornamentation refusal, the significance of the matter, including whether it is a common expression, is a factor to consider. TMEP § 1202.03(a). If the evidence establishes the applied-for matter would be perceived merely as an informational or common message, then that provides a separate reason to issue a failure-to-function refusal under Sections 1, 2, and 45 of the Trademark Act.[3] TMEP §1202.04. During examination, the Trademark

---

[2] Registration No. 4632685, registered November 4, 2014.

[3] Where ornamental matter is also merely informational matter, the mark may not be registrable on the Principal Register or the Supplemental Register. TMEP §§ 1202.03; 1202.03(a).

Examining Attorney refused registration, *inter alia*, under Sections 1, 2, and 45 of the Trademark Act on the ground that the applied-for matter does not function as a mark because it is merely ornamentation, noting that I LOVE YOU "appears to be incapable" of functioning as a source-identifier for the goods as a reason why the matter would be perceived as merely ornamental.[4] But for the first time in his Brief, the Examining Attorney used the rationale that I LOVE YOU is "a widely used informational message and is incapable of functioning as a trademark" as a separate basis, apart from ornamentation, for the failure-to-function refusal.[5] Because the final refusal under Sections 1, 2, and 45 of the Trademark Act was limited to the mere ornamentation rationale and the merely informational rationale was raised only in an advisory manner during examination, we cannot be certain that Applicant had a full opportunity to address the alternative rationale for the failure-to-function refusal prior to appeal. We therefore exercise our discretion to limit our review to whether I LOVE YOU fails to function as a trademark because it is merely ornamental. We consider the significance of I LOVE YOU only as a factor in assessing whether that refusal is correct.

---

[4] September 9, 2015 Office Action (TSDR 3); December 1, 2015 Final Office Action (TSDR 3); July 5 2017 Office Action denying Applicant's Request for Reconsideration (TSDR 2).

Citations to the TSDR database are to the downloadable .pdf version.

[5] 10 TTABVUE 4. The Examining Attorney did not request remand to make the alternative refusal that the applied-for mark fails to function because it is a common expression incapable of indicating the source of the goods.

II. Whether Applicant's use of I LOVE YOU functions as a trademark?

Applicant filed a photograph of its bracelet as its specimen of use, reproduced below:



The Trademark Examining Attorney contends that I LOVE YOU as used by Applicant is an ornamental feature of Applicant's bracelets that conveys the common expression of endearment and fails to function as a trademark.[6] To support this contention, the Trademark Examining Attorney submitted numerous examples of third-party uses of I LOVE YOU, or variations thereof, on bracelets and other jewelry.[7] *See D.C. One Wholesaler, Inc. v. Chien,* 120 USQ2d 1710, 1716 (TTAB 2016) ("The widespread ornamental use of the phrase by third parties 'is part of the environment in which the [mark] is perceived by the public and … may influence how the [mark] is perceived.'"), quoting *In re Hulting,* 107 USPQ2d 1175, 1178 (TTAB

---

[6] Trademark Examining Attorney's Brief (10 TTABVUE 3).

[7] December 1, 2016 Office Action (TSDR 8-37). *See also* July 5, 2017 Office Action denying Applicant's Request for Reconsideration (5 TTABVUE 10-18).

2013); *In re Chung, Jeanne & Kim Co.,* 226 USPQ 938, 941 (TTAB 1985) (common practice in the trade to use a design as an ornamental feature is evidence that the design is not unique or unusual in the field and that it will be viewed by the relevant public as ornamentation rather than as a trademark); *cf. In re Eagle Crest Inc.,* 96 USPQ2d 1227, 1229 (TTAB 2010) ("The more commonly a phrase is used, the less likely that the public will use it to identify only one source and the less likely that it will be recognized by purchasers as a trademark."). The photographs of the I LOVE YOU bracelets reproduced below are representative:

- A Lucian Piccard I LOVE YOU BRACELET advertised on Martha's Jewelry Case (marthasjewelrycase.com):[8]



- A Juicy Couture "I Love You Bracelet" advertised on the Polyvore website (polyvore.com):[9]

---

[8] December 1, 2016 Office Action (TSDR 12).

[9] December 1, 2016 Office Action (TSDR 15-16).



- I LOVE YOU Link Bracelet posted for sale on JewelryWeb.com:[10]



Other examples explain that the words "I love you" convey the message of endearment, including:

- "Send a clear message of 'I love you' written on this Diamond white 18kt gold bracelet."[11]

- "Sterling silver necklace featuring two-piece moon pendant engraved with loving message of 'I love you . . . to the moon & back.'"[12]

- "This ID bracelet features . . . a phrase everyone needs to hear: I love you."[13]

---

[10] December 1, 2016 Office Action (TSDR 8).

[11] December 1, 2016 Final Office Action (TSDR 19).

[12] *Id.* (TSDR 21).

[13] *Id.* (TSDR 27).

The critical question in determining whether I LOVE YOU functions as a trademark is the commercial impression it makes on the relevant public, *i.e.,* whether the term sought to be registered would be perceived as a mark identifying the source of the goods. *See In re Keep a Breast. Found.,* 123 USPQ2d 1869, 1879 (TTAB 2017); *Hulting,* 107 USPQ2d at 1177-79; *In re Lululemon Athletica Can. Inc.,* 105 USPQ2d 1684, 1686 (TTAB 2013) ("In considering whether matter is ornamental … relevant considerations include the commercial impression made by the design"); *see also In re Bose Corp.*, 546 F.2d 893, 192 USPQ 213, 216 (CCPA 1976) ("[T]he manner in which an applicant has employed the asserted mark, as evidenced by the specimens of record, must be carefully considered in determining whether the asserted mark has been used as a trademark with respect to the goods named in the application.").

"When evaluating a mark that appears to be ornamental, rather than functioning as an indicator of source, 'the size, location, dominance and significance of the alleged mark as applied to the goods' are all relevant factors in determining whether it is inherently distinctive." *Hulting,* 107 USPQ2d at 1178 (quoting *In re Pro-Line Corp.,* 28 USPQ2d 1141, 1142 (TTAB 1993)); *see also In re Dimitri's Inc.,* 9 USPQ2d 1666, 1667 (TTAB 1998); *In re Astro-Gods Inc.,* 223 USPQ 621, 623 (TTAB 1984).

In this application, the phrase "I Love You," as depicted in Applicant's specimen, is essentially the bracelet itself, as each of the eight letters in the phrase is one of the bracelet's eight segments. The phrase "I LOVE YOU" conveys a term of endearment comprising the bracelet and, thus, it is ornamental. It does not identify and distinguish the source of the bracelet, especially where there is so much jewelry

decorated with the term I LOVE YOU in the marketplace. *See In re Paramount Pictures Corp.,* 213 USPQ 1111, 1113 (TTAB 1982) ("if the subject matter is in the nature of the expression 'SWALLOW YOUR LEADER', it is purely ornamental and would not be considered as an indication of source."); *compare In re Watkins Glen Int'l, Inc.,* 227 USPQ 727, 729 (TTAB 1985) (checkered flag design sought to be registered for clothing, while a common symbol in auto racing, is highly stylized and unique and is likely to be perceived not only as ornamental, but as a trademark).

The ornamental nature of the proposed mark is corroborated by the third-party use of that phrase on bracelets and other jewelry demonstrating that consumers are accustomed to seeing similar, ornamental displays of I LOVE YOU on bracelets and other jewelry from different sources. As a result, consumers will not perceive I LOVE YOU appearing on bracelets as pointing uniquely to Applicant as a single source. *Cf. Levi Strauss & Co. v. Genesco, Inc.,* 742 F.2d 1401, 222 USPQ 939, 940-41 (Fed. Cir. 1984) (use by other parties undercuts argument that an asserted trademark identifies and distinguishes one particular source). Not every word, name, phrase, symbol or design, or combination thereof which appears on a product functions as a trademark. *Pro-Line Corp.,* 28 USPQ2d at 1142; *cf. In re Morganroth,* 208 USPQ 284 (TTAB 1980). Mere intent that a phrase function as a trademark is not enough in and of itself to make it a trademark. *Pro-Line Corp.,* 28 USPQ2d at 1142; *cf. In re Remington Prods. Inc.,* 3 USPQ2d 1714, 1725 (TTAB 1987).

Applicant argues that its mark "comprises the shape and look of the lettering along with the theme of the product itself."[14] Applicant also asserts that it is "a well-known, cutting-edge clothing and jewelry design store that is highly popular with youth culture," and that many of Applicant's products "share a common distinctive thread – love and peace oriented themes having playful and chunky design elements."[15] Applicant's arguments do not persuade us that I LOVE YOU would be perceived as a trademark.

First, Applicant's contention of what its mark comprises is not commensurate with the scope of the mark as set forth in the application. Applicant applied to register I LOVE YOU in standard characters. The specific shape and look of the letters as they appear on the goods are not features of the mark that Applicant seeks to register. Standard character marks are limited to the words themselves and not to any particular font style, size or color. *Citigroup Inc. v. Capital City Bank Group Inc.*, 637 F.3d 1344, 98 USPQ2d 1253, 1258–59 (Fed. Cir. 2011); *In re Calphalon Corp.*, 122 USPQ2d 1153, 1160 (TTAB 2017) ("Having elected to seek registration of its proposed mark as a standard character mark," an applicant must have "the mark assessed without limitation to any particular depiction of that term."). However, in this case, the look of the letters as they appear on the goods in the specimen is a reason I LOVE

---

[14] Applicant's Brief, p. 3 (7 TTABVUE 4).

[15] Applicant's Brief, p. 4 (TTABVUE 5).

YOU would be perceived as mere ornamentation and must be refused registration because it does not function as a mark.[16]

Second, Applicant's argument that I LOVE YOU is the "theme of the product" supports finding that the words are merely an aesthetic feature of the goods and would not be perceived as indicating the source of the goods. Applicant's argument confirms the evidence of record indicating that consumers will perceive the expression "I Love You" as used on Applicant's bracelets as an important component of the product itself, rather than as a trademark. *See D.C. One Wholesaler, Inc. v. Chien*, 120 USPQ2d at 1716 ("the display [of the mark] itself is an important component of the product and customers purchase the product precisely because it is ornamented with a display of the term").

Third, during the prosecution of the application, Applicant did not seek to register the mark pursuant to Section 2(f) of the Trademark Act on the basis that its use of I LOVE YOU in connection with bracelets has been substantially exclusive and continuous and has acquired distinctiveness as an indication of a unique source of the goods. Absent such a claim — and evidence to support it — we cannot consider Applicant's argument that the renown of its business or its customers' recognition of the common style of its products have resulted in the recognition of I LOVE YOU as an indication of source. *Cf. In re Cazes*, 21 USPQ2d 1796, 1797 (TTAB 1991)

---

[16] We add that even if the design elements were part of the mark, consumers are not predisposed to recognize the design elements of a product as an indication of the source of the product. *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 54 USPQ2d 1065, 1069 (2000) ("In the case of product design, … we think consumer predisposition to equate the feature with the source does not exist.").

("[A]pplicant has not claimed the benefits of Section 2(f) of the Act and, without a formal claim of distinctiveness ..., evidence of fame cannot serve as the basis for allowing registration of applicant's mark."); *In re McDonald's Corp.*, 230 USPQ 304, 307 (TTAB 1986) ("While applicant has demonstrated a strong public association between the mark sought to be registered and applicant's restaurant services, the Board concludes that this evidence is evidence of secondary meaning and that in the absence of a claim of secondary meaning pursuant to Section 2(f), registration must be refused under Section 2(e)(3)."). Furthermore, the evidence of record appears to preclude any claim, at present, that Applicant's use of I LOVE YOU in connection with bracelets has been substantially exclusive and continuous.

We find that Applicant's use of I LOVE YOU in connection with bracelets is merely ornamental, and does not function as a trademark.

## III.    Likelihood of Confusion

As noted above, the Trademark Examining Attorney refused to register I LOVE YOU for bracelets under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), on the ground that I LOVE YOU for bracelets is likely to cause confusion with the registered mark I LUV U, in standard characters for, *inter alia,* "jewelry, namely, necklaces, bracelets, rings and charms; pendants; earrings."

Our determination under Section 2(d) is based on an analysis of all of the probative facts in evidence that are relevant to the factors bearing on the issue of likelihood of confusion. *In re E. I. du Pont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563, 567 (CCPA 1973) ("*du Pont*") (cited in *B&B Hardware, Inc. v. Hargis*

*Indus., Inc.,* 135 S. Ct. 1293, 113 USPQ2d 2045, 2049 (2015)); *see also In re Majestic Distilling Co.,* 315 F.3d 1311, 65 USPQ2d 1201, 1203 (Fed. Cir. 2003). We have considered each *du Pont* factor that is relevant and for which there is evidence of record. *See M2 Software, Inc. v. M2 Commc'ns, Inc.,* 450 F.3d 1378, 78 USPQ2d 1944, 1947 (Fed. Cir. 2006); *ProMark Brands Inc. v. GFA Brands, Inc.,* 114 USPQ2d 1232, 1242 (TTAB 2015) ("While we have considered each factor for which we have evidence, we focus our analysis on those factors we find to be relevant."). In any likelihood of confusion analysis, two key considerations are the similarities between the marks and the similarities between the goods or services. *See In re Chatam Int'l Inc.,* 380 F.2d 1340, 71 USPQ2d 1944, 1945-46 (Fed. Cir. 2004)*; Federated Foods, Inc. v. Fort Howard Paper Co.,* 544 F.2d 1098, 192 USPQ 24, 29 (CCPA 1976) ("The fundamental inquiry mandated by § 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods and differences in the marks."); *see also In re i.am.symbolic, llc,* 866 F.3d 1315, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017) ("The likelihood of confusion analysis considers all *DuPont* factors for which there is record evidence but 'may focus … on dispositive factors, such as similarity of the marks and relatedness of the goods'") (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.,* 303 F.3d 1156, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)).

A. The similarity or dissimilarity and nature of the goods and established, likely-to-continue channels of trade.

Because Registrant's description of goods includes "bracelets" and Applicant's description of goods is "bracelets," the goods are in part identical. Applicant does not argue otherwise.

Because the goods are in part identical, we must presume that the channels of trade and classes of purchasers are the same. *See In re Viterra Inc.,* 671 F.3d 1358, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (legally identical goods are presumed to travel in same channels of trade to same class of purchasers); *In re Yawata Iron & Steel Co.,* 403 F.2d 752, 159 USPQ 721, 723 (CCPA 1968) (where there are legally identical goods, the channels of trade and classes of purchasers are considered to be the same); *United Glob. Media Grp., Inc. v. Tseng,* 112 USPQ2d 1039, 1049 (TTAB 2014); *Am. Lebanese Syrian Associated Charities Inc. v. Child Health Research Inst.,* 101 USPQ2d 1022, 1028 (TTAB 2011).

B.  The number and nature of similar marks in use on similar goods.

Applicant submitted the seven third-party registrations listed below consisting of some variation of I LOVE YOU for jewelry:[17]

---

[17] March 9, 2016 Response to Office Action (TSDR 84-103).

We give little, if any, weight to the list of applications and registrations for variations of I LOVE YOU printed from the USPTO electronic database. (TSDR 38-83). The Board does not take judicial notice of registrations and a list of registrations does not make those registrations of record. *See In re 1st USA Realty Prof'ls, Inc.,* 84 USPQ2d 1581, 1583 (TTAB 2007); *In re Duofold Inc.,* 184 USPQ 638, 640 (TTAB 1974). However, in instances where, as here, the Examining Attorney does not object to the list of registrations, the Board may consider the objection waived. *See In re Houston,* 101 USPQ2d 1534, 1536 (TTAB 2012) (finding that the examining attorney's failure to advise applicant of the insufficiency of the list of registrations when it was proffered during examination constituted a waiver of any objection to consideration of that list); *In re 1st USA Realty Prof'ls,* 84 USPQ2d at 1583 (allowing consideration of a list of third-party registrations because the examining attorney did not advise applicant of the insufficiency of the list while there was still time to correct the mistake)*; In re Broyhill Furniture Indus., Inc.,* 60 USPQ2d 1511, 1513 n.3 (TTAB 2001) (finding examining attorney's objection to a listing of third-party registrations waived because it was not raised in the Office action immediately following applicant's response in which applicant's reliance on the listing as evidence was indicated).

Nevertheless, the list does not include enough information to be probative. The list includes only the serial number, registration number, mark, and status (live or dead) of the applications or registrations. Because the goods are not listed, we do not know whether the

- I WILL LOVE YOU FOREVER;[18]

- I LOVE YOU ALWAYS and design;[19]

- P.S. I LOVE YOU;[20]

-  THE NEW WAY TO SAY I LOVE YOU;[21]

- I LOVE YOU EACH DAY OF THE WEEK;[22]

- MORE THAN 100 WAYS OF SAYING I LOVE YOU;[23] and

- LUV HER.[24]

---

listed registrations are relevant. *See Nat'l Fidelity Life Ins. v. Nat'l Ins. Trust*, 199 USPQ 691, 694 n.5 (TTAB 1978) (list of registrations without goods and services and other relevant information "has no probative value"); *see also Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Editors, Inc.,* 937 F.2d 1572, 19 USPQ2d 1424, 1430 (Fed. Cir. 1991); *Key Chem. Inc. v. Kelite Chem. Corp.,* 464 F.2d 1040, 175 USPQ 99, 101 (CCPA 1972); *In re Thor Tech Inc.,* 90 USPQ2d 1634, 1639 (TTAB 2009) (the third-party registrations are of limited probative value because the goods identified in the registrations appear to be in fields which are far removed from the goods at issue).

Although Applicant properly submitted a copy of Registration No. 4164633 for the mark YES, I LOVE YOU for "bathing suits; bikinis; infantwear; and t-shirts," (TSDR 96) this registration has little, if any, probative value because it is for clothing, not jewelry. *See In re Thor Tech Inc.,* 90 USPQ2d at 1639; *see also Key Chem., Inc. v. Kelite Chem. Corp.,* 175 USPQ at 101.

Finally, the properly-submitted copies of Application Serial No. 85768557 for the mark I LAH U for hats, shirts, shoes and socks (TSDR 98) and Application Serial No. 86388512 for the mark P.S. I LOVE YOU for clothing (TSDR 100) have little probative value because pending applications are evidence only that an application was filed on a certain date; they are not evidence of use of the marks. *Nike Inc. v. WNBA Enters. LLC,* 85 USPQ2d 1187, 1193 n.8 (TTAB 2007); *Interpayment Servs. Ltd. v. Docters & Thiede,* 66 USPQ2d 1463, 1468 n.6 (TTAB 2003).

[18] March 9, 2016 Response to Office Action (TSDR 84).

[19] March 9, 2016 Response to Office Action (TSDR 86).

[20] March 9, 2016 Response to Office Action (TSDR 88).

[21] March 9, 2016 Response to Office Action (TSDR 90).

[22] March 9, 2016 Response to Office Action (TSDR 82).

[23] March 9, 2016 Response to Office Action (TSDR 94).

[24] March 9, 2016 Response to Office Action (TSDR 102).

Applicant argues that this "evidence establishes that the consuming public is exposed to third-party use of marks similar to the cited marks [sic] in connection with [the] same or similar goods (i.e., jewelry)" and, therefore, Registrant's mark is entitled to only a narrow scope of protection or exclusivity of use.[25] While third-party registrations are not evidence of use under the 6th *du Pont* factor, they may be used to show the sense in which a term is used in ordinary parlance (*i.e.,* that a term has a well-recognized meaning). *See Juice Generation, Inc. v. GS Enters. LLC,* 794 F.3d 1334, 115 USPQ2d 1671, 1675 (Fed. Cir. 2015); *AMF Inc. v. Am. Leisure Prods., Inc.*, 474 F.2d 1403, 177 USPQ 268, 269 (CCPA 1973).

As demonstrated by the evidence of third-party use of I LOVE YOU for bracelets and other jewelry in the record, including the examples noted in the ornamentation discussion above, I LOVE YOU is a commonly used term of endearment displayed on jewelry. When combined with the seven registrations for variations of I LOVE YOU for jewelry, we find that I LOVE YOU used in connection with jewelry is such a commonly used term with a well-recognized meaning expressing the feelings of the purchaser or the person wearing the jewelry that consumers are conditioned to look for differences among trademarks consisting of or including I LOVE YOU for jewelry. *See Jack Wolfskin Ausrustung Fur Draussen GmbH & Co. KGAA v. New Millenium Sports, S.L.U.,* 797 F.3d 1363, 116 USPQ2d 1129, 1136 (Fed. Cir. 2015) (citing *Juice Generation,* 115 USPQ2d at 1674).

---

[25] Applicant's Brief, pp. 10-11 (7 TTABVUE 11-12).

We turn next to whether Applicant's mark I LOVE YOU is similar enough to Registrant's mark I LUV U for consumers to mistakenly believe that there is some connection, association or sponsorship between them.

C. The similarity or dissimilarity of the marks.

We consider the similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression. *In re E. I. du Pont De Nemours & Co.,* 177 USPQ at 567. "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014).

In comparing the marks, we are mindful that where, as here, the goods are in part identical, the degree of similarity necessary to find likelihood of confusion need not be as great as where there is a recognizable disparity between the goods. *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012); *Century 21 Real Estate Corp. v. Century Life of Am.,* 970 F.2d 874, 23 USPQ2d 1698, 1700 (Fed. Cir. 1992); *Jansen Enters. Inc. v. Rind,* 85 USPQ2d 1104, 1108 (TTAB 2007); *Schering-Plough HealthCare Prod. Inc. v. Ing-Jing Huang,* 84 USPQ2d 1323, 1325 (TTAB 2007). "The proper test is not a side-by-side comparison of the marks, but instead 'whether the marks are sufficiently similar in terms of their commercial impression' such that persons who encounter the marks would be likely to assume a connection between the parties." *Coach Servs. Inc.*, 101 USPQ2d at 1721 (quotation omitted); *see also San Fernando Elec. Mfg. Co. v. JFD Elec. Components Corp.,* 565 F.2d 683, 196 USPQ 1, 3 (CCPA 1977); *Spoons Rests.*

*Inc. v. Morrison Inc.,* 23 USPQ2d 1735, 1741 (TTAB 1991), *aff'd mem.,* 972 F.2d 1353 (Fed. Cir. 1992). The proper focus is on the recollection of the average customer, who retains a general rather than specific impression of the marks. *Geigy Chem. Corp. v. Atlas Chem. Indus., Inc.,* 438 F.2d 1005, 169 USPQ 39, 40 (CCPA 1971); *L'Oreal S.A. v. Marcon,* 102 USPQ2d 1434, 1438 (TTAB 2012); *Winnebago Indus., Inc. v. Oliver & Winston, Inc.,* 207 USPQ 335, 344 (TTAB 1980); *Sealed Air Corp. v. Scott Paper Co.,* 190 USPQ 106, 108 (TTAB 1975). Because the relevant goods are bracelets without any restrictions as to price point or channels of trade, the average customer is an ordinary consumer.

Applicant's mark is I LOVE YOU and Registrant's mark is I LUV U. Those marks share the same structure, sound alike, mean the same thing and engender the same commercial impression. The differences in the spelling of the words "Love" and "You" do not distinguish the marks. Slight differences in marks do not normally create dissimilar marks. *In re Great Lakes Canning, Inc.,* 227 USPQ 483, 485 (TTAB 1985) (CAYNA is similar to CANA); *In re Energy Telecomm. & Elec. Ass'n,* 222 USPQ 350, 251 (TTAB 1983) (ENTELEC is similar to INTELECT); *RE/MAX of America, Inc. v. Realty Mart, Inc.,* 207 USPQ 960, 964 (REMACS and RE/MAX "indistinguishable in sound" and confusingly similar); *In re Cresco Mfg. Co.,* 138 USPQ 401, 402 (TTAB 1963) (CRESCO and KRESSCO "are phonetically indistinguishable" such that there would be a likelihood of confusion). Here, "love" and "luv" are phonetic equivalents with the same meanings. *Ralston Purina Co. v. The Quaker Oats Co.,* 169 USPQ 508, 510 (TTAB 1971) (LUV and LOVE are phonetic equivalents, such that the compared

marks have substantially similar commercial impressions related to "love"). Additionally, "U" is a recognized abbreviation for "YOU."[26]

Applicant argues that the marks are significantly different because Applicant's mark I LOVE YOU has a traditional feel whereas Registrant's mark I LUV U "is used as an abbreviation in telecommunications in order to use less characters for texting and social media entry data … or used in the well-known Leet speak (an informal language or code used on the Internet, in which standard letters and words are often replaced by abbreviations, numerals or special characters)."[27] Even assuming that I LOVE YOU has a traditional feel and I LUV U has a more informal or modern feel, the marks still look alike, sound alike, mean the same thing and engender the same commercial impression (*i.e.,* a term of endearment).

We find that the minor differences between I LOVE YOU and I LUV U in appearance due to the different spellings of the words "love" and "you" do not outweigh the identity of the entire marks in terms of sound, connotation, and commercial impression. The strong similarity of the marks weighs in favor of a likelihood of confusion.

---

[26] "U" pronoun. *Pron. Spelling.* you: *Shoes fixed while U wait. Dictionary.com* Unabridged based on the RANDOM HOUSE DICTIONARY (2018). The Board may take judicial notice of dictionary definitions, including online dictionaries that exist in printed format. *In re Cordua Rests. LP,* 110 USPQ2d 1227, 1229 n.4 (TTAB 2014), aff'd, 823 F.3d 594, 118 USPQ2d 1632 (Fed. Cir. 2016)*; Threshold.TV Inc. v. Metronome Enters. Inc.*, 96 USPQ2d 1031, 1038 n.14 (TTAB 2010)*; In re Red Bull GmbH,* 78 USPQ2d 1375, 1378 (TTAB 2006).

[27] Applicant's Brief, pp 8-9 (7 TTABVUE 9-10).

D. Balancing the factors.

Even accounting for the fact that Registrant's mark I LUV U is a variation of the commonly used term I LOVE YOU that has a well-recognized meaning when used in connection with jewelry, because Applicant's mark I LOVE YOU is so similar to Registrant's mark I LUV U, and is sought to be registered for identical products that we must presume are offered in the same channels of trade, we find that Applicant's mark I LOVE YOU for bracelets is likely to cause confusion with the registered mark I LUV U for "jewelry, namely, necklaces, bracelets, rings and charm; pendants; earrings."

**Decision**: The refusals to register Applicant's mark I LOVE YOU are affirmed.