NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACKSON FAMILY FARMS, LLC,**
*Appellant*

**v.**

**GRANDS DOMAINES DU LITTORAL,**
*Appellee*

---

2023-1675

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91274194.

---

Decided:  December 5, 2023

---

J. SCOTT GERIEN, Dickenson Peatman & Fogarty, Napa, CA, for appellant.  Also represented by JOY L. DURAND.

JEFFREY H. GREGER, Hauptman Ham, LLP, Alexandria, VA, for appellee.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Jackson Family Farms, LLC ("opposer") appeals from a Trademark Trial and Appeal Board ("Board") decision dismissing its opposition to a trademark application filed by Grands Domaines Du Littoral ("applicant"). The Board determined that as a matter of law there is no likelihood of confusion between applicant's mark and opposer's mark. We *affirm*.

BACKGROUND

Grands Domaines Du Littoral filed a trademark application (No. 90184859) pursuant to 15 U.S.C. § 1051(a) to register the following mark:



The mark was sought to be registered for "wines made from grapes from Côtes de Provence in accordance with adapted standards" in International Class 33. J.A. 1.

Jackson Family Farm filed a notice of opposition. It pleaded that it owned the registration for the "standard character mark VÉRITÉ in connection with 'alcoholic beverages except beers' in International Class 33 and prior common law rights in the same mark for wine." J.A. 2 (citation omitted). It opposed the registration on "the sole

ground of likelihood of confusion" between applicant's mark and opposer's mark.  J.A. 2.

Applicant moved for judgment on the pleadings, arguing there is no likelihood of confusion because the marks are not confusingly similar.  The Board considered that applicant had conceded that the other *DuPont* factors of relatedness (articulated in *In re E. I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361 (C.C.P.A. 1973)) favored opposer and analyzed whether "based on the single factor of dissimilarity of the marks, [o]pposer cannot prevail as a matter of law, even if all of the other [*DuPont*] factors weigh in favor of [o]pposer."  J.A. 4.

The Board considered that "the marks share the identical term VÉRITÉ."  J.A. 6.  However, the Board determined that in opposer's mark this term stood alone.  In applicant's mark it was part of a three-word phrase—VÉRITÉ DU TERROIR—and was just one of twenty-two words in the applicant's mark.  The Board concluded that CHATEAU LA GORDONNE is the dominant part of applicant's mark because those words are displayed in a larger font and in a different color.  The Board also noted that the additional "design elements of [a]pplicant's mark, in combination with the larger wording CHATEAU LA GORDONNE, result[] in a mark which is 'visually readily distinguishable from' [o]pposer's mark."  J.A. 7 (citation omitted).  Based on these determinations, the Board concluded there was "no genuine dispute of material fact that the marks at issue are distinct in appearance," J.A. 6, and this alone demonstrated that "a likelihood of confusion cannot exist as a matter of law," even when considering all other *DuPont* factors to weigh in the opposer's favor, J.A. 8.

Opposer appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

DISCUSSION

"Likelihood of confusion is a question of law based on underlying factual findings regarding the *DuPont* factors." *Spireon, Inc. v. Flex Ltd.*, 71 F.4th 1355, 1362 (Fed. Cir. 2023). We review the Board's decision to dismiss the opposition as a matter of law de novo. *Id.*

I

Opposer first argues that the marks standing alone are not sufficiently dissimilar to show that there can be no likelihood of confusion as a matter of law. "The first *DuPont* factor requires consideration of '[t]he similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.'" *In re I.AM.Symbolic, LLC*, 866 F.3d 1315, 1323 (Fed. Cir. 2017) (quoting *DuPont*, 476 F.2d at 1361). "The proper test is not a side-by-side comparison of the marks, but instead 'whether the marks are sufficiently similar in terms of their commercial impression' such that persons who encounter the marks would be likely to assume a connection between the parties." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368 (Fed. Cir. 2012) (quoting *Leading Jewelers Guild, Inc. v. LJOW Holdings, LLC*, 82 U.S.P.Q.2d 1901, 1905 (T.T.A.B. 2007)).

Opposer argues that the Board erred in determining that the marks are dissimilar, or that there are at least material issues of fact as to the degree of their dissimilarity. Opposer contends that the marks are in fact similar because the "VÉRITÉ mark appears as the first term of [a]pplicant's three-word mark VÉRITÉ DU TERROIR" and VÉRITÉ is therefore the dominant portion of applicant's mark. Appellant Br. 13. Opposer further argues that sixteen of the twenty-two words on the label have been disclaimed and are entitled to less weight in the likelihood of confusion analysis. We agree with the Board.

Opposer's focus on the word "VÉRITÉ" ignores other, more prominent portions of applicant's mark and does not

consider applicant's mark as a whole.  The Board did not err in determining that CHATEAU LA GORDONNE, not VÉRITÉ, is the dominant part of applicant's mark.  As the Board explained, CHATEAU LA GORDONNE is displayed in a larger font and different coloring relative to other elements of the label.  Therefore, the Board did not err in attributing greater weight to the dominant CHATEAU LA GORDONNE portion of applicant's mark when analyzing the similarities of the two marks.

Opposer argues that CHATEAU LA GORDONNE is a house mark and VÉRITÉ DU TERROIR is "its own unitary composite product name," and that the presence of the CHATEAU LA GORDONNE portion does not avoid confusion as a matter of law because both marks contain the term VÉRITÉ.  Appellant Br. 15–16.  In other words, consumers would perceive CHATEAU LA GORDONNE as a house mark and would ignore it in comparing the use of the term VÉRITÉ in the two marks.  Even if this were the correct approach to the treatment of house marks, which we do not decide, there is no support for the notion that CHATEAU LA GORDONNE is a house mark that can be stripped out for likelihood of confusion purposes.  The Board was correct to consider the presence of CHATEAU LA GORDONNE and the fact that it is the dominant portion of the mark.

Opposer also cites cases finding similarity between marks when one mark entirely encompasses the other.  But those cases involved situations in which the only differences between the marks was the addition of a few words to the dominant portion of the mark, *see, e.g.*, *Stone Lion Cap. Partners, L.P. v. Lion Cap. LLP*, 746 F.3d 1317, 1319 (Fed. Cir. 2014) (comparing "STONE LION CAPITAL" to "LION CAPITAL"); *In re Chatam Int'l Inc.*, 380 F.3d 1340, 1343 (Fed. Cir. 2004) (finding likelihood of confusion between "JOSE GASPAR GOLD" and "GASPAR'S ALE" because "GASPAR" and "GASPAR'S" were the dominant features of the two marks and the commercial impression of the additional words were discounted), whereas here the

difference in marks includes the addition of over twenty words, some of which are more prominently displayed than VÉRITÉ. The Board's conclusion that the marks are dissimilar was not erroneous.

Opposer finally argues that disclaimed words in the mark should not be given consideration. While opposer is correct that those elements may receive less weight in considering the similarity of the marks, they cannot be ignored, *see In re Detroit Athletic Co.*, 903 F.3d 1297, 1305 (Fed. Cir. 2018), and opposer concedes that GORDONNE was not disclaimed.

## II

Opposer argues that the Board erred in not properly weighing all of the other *DuPont* factors against the dissimilarity of the marks, particularly the fame of opposer's mark. We disagree.

There is nothing inherently improper about making a likelihood of confusion determination solely based on dissimilarity of the marks at the pleading stage. *See Ava Enters. Inc. v. P.A.C. Trading Grp., Inc.*, 86 U.S.P.Q.2d 1659 (T.T.A.B. 2008). "[O]ne *DuPont* factor may be dispositive in a likelihood of confusion analysis, especially when that single factor is the dissimilarity of the marks." *Champagne Louis Roederer, S.A. v. Delicato Vineyards*, 148 F.3d 1373, 1375 (Fed. Cir. 1998); 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23:79 (5th ed. 2023) ("It is possible that the first [*DuPont*] factor, the similarity or dissimilarity of the marks themselves, may be dispositive of the issue."). We agree with the Board's conclusion that a likelihood of confusion between the marks could not exist as a matter of law, even when taking all of the other *DuPont* factors to weigh in favor of opposer.

**AFFIRMED**